**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-31195

JESCO CONSTRUCTION CORPORATION,

Plaintiff - Appellee,

VERSUS

NATIONSBANK CORPORATION, ET AL.,

Defendants,

AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY;
UNDERWRITERS AT LLOYDS OF LONDON,

Defendants - Appellants

VERSUS

BANK OF AMERICA COMMERCIAL FINANCE CORPORATION,
formerly known as NationsCredit Commercial Corporation,

Cross Claimant - Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana

February 5, 2003

Before JONES, and DeMOSS, Circuit Judges, and FELDMAN[1], District
Judge.

DeMOSS, Circuit Judge:

_____

[1]District Judge of the Eastern District of Louisiana, sitting
by designation.

The factual background of this case is adequately reviewed in the predicate opinion of *Jesco Construction Corporation v. Nationsbank Corporation*, 278 F.3d 444 (5th Cir. 2001). In that previous opinion, this panel was faced with a unique question of statutory construction involving La.Rev.Stat. 6:1122. Specifically, this Court was faced with whether or not the Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery. *Jesco*, 278 F.3d at 448. Finding that such a question was perfectly suited for certification to the state supreme court, we requested that the Louisiana Supreme Court certify the question. *Id.* The Louisiana Supreme Court granted certification and subsequently concluded that the Louisiana Credit Agreement Statute does indeed preclude all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery. *Jesco Constr. Corp. v. Nationsbank Corp.*, 830 So. 2d 989, 992 (La. 10/25/02).

With the question now answered, this Court's path is clear. The district court granted only partial summary judgment to the defendants in this case under the mistaken belief that only Jesco's breach-of-contract claims were barred by the Louisiana Credit Agreement Statute. In light of the Louisiana Supreme Court's ruling that the Louisiana Credit Agreement statute precludes **all** actions arising from credit agreements, we find that the district

court's "*Erie* guess" was wrong and that the defendants were entitled to summary judgment on all of Jesco's claims. We therefore AFFIRM that part of the district court's order granting summary judgment to the defendants on the breach-of-contract claim and REVERSE that part of the district court's order denying summary judgment on the remaining claims against the defendants and REMAND the case back to the district court to enter judgment consistent with this Court's order.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.