United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-31195

JESCO CONSTRUCTION CORPORATION,

Plaintiff - Appellee,

VERSUS

NATIONSBANK CORPORATION, ET AL.,

Defendants,

AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY;
UNDERWRITERS AT LLOYDS OF LONDON,

Defendants - Appellants

VERSUS

BANK OF AMERICA COMMERCIAL FINANCE CORPORATION,
formerly known as NationsCredit Commercial Corporation,

Cross Claimant - Appellant.

Appeals from the United States District Court
For the Eastern District of Louisiana
(98-CV-1657)

ON PETITION FOR REHEARING

Opinion 321 F.3d 501

(5th Cir. February 5, 2003)

Before JONES, and DeMOSS, Circuit Judges, and FELDMAN[1], District Judge.

PER CURIAM:[2]

Before this Court is a petition for rehearing filed by Jesco Construction Company ("Jesco"). Jesco asks that this Court amend its previous opinion with respect to that portion of the opinion which affirmed the district court's grant of summary judgment.

The district court originally granted summary judgment against Jesco on its breach of contract claims because it found that the writings involved did not meet the requirements of the Louisiana Credit Agreement Statute and Jesco was therefore asserting rights under an oral agreement. Those requirements are that "the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." La. Rev. Stat. § 6:1122. There were only two documents of significance in the underlying case. One was a faxed letter, the first paragraph of which read:

> Based upon our preliminary review of the information you have submitted to us, we are pleased to submit this proposal along the parameters outlined below. Please understand that after completion of our due diligence, NationsCredit may require alternative parameters, or may decline to offer you financing. The following is not a

---

[1] District Judge of the Eastern District of Louisiana, sitting by designation.

[2] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commitment but only an expression of our interest. The signatures of both parties appeared at the end of this document. The other document was a facsimile sent from Bank of America's agent Kellee Cappas to Jesco's president, John E. Shavers, and it contained the following four handwritten sentences: "We can close this deal in 3 wks if we receive a total check of $35,000 tomorrow. The additional $15,000 will commence the legal documentation process. Call me or Kim Metzner with any questions." This document had no signatures.

In analyzing whether these documents met the requirements of the Louisiana Credit Agreement Statute, the district court stated:

> In the case at hand, regardless of which version of the events . . . is accepted as true, Jesco's claim for damages as a result of [Bank of America's] purported breach of contract cannot stand. Even if the facsimile cover sheet was sent separate from the letter of interest which was faxed by Cappas to Shavers, neither document satisfies the requirements of the Louisiana Credit Agreement Statute. *See* La. Rev. Stat. § 6:1122.
> The "cover sheet" fails to satisfy said requirements, among other reasons, because it bears no *signatures*. The letter of interest is not a valid credit agreement because it fails to set forth the relevant terms and conditions of any agreement to lend money or extend credit. As quoted above, said letter clearly provide that [Bank of America] "may require alternative parameters, or may decline to offer [Jesco] financing." The letter "is not a commitment but only an expression of [Bank of America's] interest." Even if taken together, as Jesco (paradoxically) argues that they must, the letter and cover sheet do not satisfy the requirements of the Louisiana Credit Agreement Statute.

Jesco Constr. Corp. v. Nationsbank Corp., No. 98-1657 (E.D. La. filed July 18, 2000) (internal citations and footnotes omitted).

3

The district court went on to also reject Jesco's argument that Bank of America was not a financial institution for the purposes of the Louisiana Credit Agreement Statute. We agree with the district court's analysis that these writings failed to meet the requirements of the Louisiana Credit Agreement Statute and that Bank of America was a lending institution entitled to the protection of this Statute.

What was not clear to the district court, however, was whether or not the failure to meet the requirements of the Louisiana Credit Agreement Statute would also preclude the other claims asserted by Jesco. In its original order, the district court made an "*Erie* guess" to find that these other claims were not precluded and denied Bank of America's motion for summary judgment on those claims. A single order was entered on July 18, 2000, which both granted summary judgment to Bank of America on Jesco's breach of contract claims and denied summary judgment on Jesco's other claims.

On September 1, 2000, the district court amended its July 18, 2000 order so as to include therein the language required by Section 1292(a), that the issue of whether or not the Louisiana Credit Agreement Statute precludes *all* non-contract causes of action involved a controlling question of law as to which there is substantial ground for difference of opinion; and certified the issue for immediate appeal. In doing so, the district court stated

4

that "[a]ny such application for appeal shall be limited to the question of whether the Louisiana Credit Agreement Statute precludes *all* actions for damages arising from <u>oral</u> credit agreements regardless of the legal theory of recovery asserted."

On October 10, 2000, a panel of this Court granted leave to file an interlocutory appeal to American International Specialty Lines Insurance Company, Continental Casualty Company, and Underwriters at Lloyd's of London, but denied leave to Bank of America. However, on November 21, 2000, in a rehearing the same panel granted Bank of America leave to file an appeal.

On appeal, we certified the question of whether the Louisiana Credit Agreement Statute precludes all causes of action to the Louisiana Supreme Court and that Court answered in the affirmative. We then entered an order affirming the district court's grant of summary judgment as to the breach of contract claims and reversing and remanding as to the denial of summary judgment on the other causes of action because the Louisiana Credit Agreement Statute precludes all causes of action, not just breach of contract actions.

Jesco now asks us to re-word our opinion so that Jesco may appeal the district court's grant of summary judgment as to the breach of contract claims because Jesco maintains that the writings in question did meet the requirements of the Louisiana Credit Agreement Statute. Jesco claims that because the district court

5

specifically limited the issue on appeal and also because it did so in a separate order, this court lacks jurisdiction to affirm that portion of the district court's ruling granting summary judgment. Jesco also specifically stated in their original appellate brief that, "The prospect of an appeal by Jesco of the district court's dismissal of the contract action, when it granted partial summary judgment to the defendants, lingers."[3] Jesco claims, therefore, that this Court is without jurisdiction to rule on the propriety of the district court's granting of summary judgment. However, as Bank of America points out, this Court is not limited by the issues as framed by the parties or even the district court. The Supreme Court has stated:

> As the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court. The court of appeals may not reach beyond the certified order to address other orders made in the case. *United States v. Stanley*, 483 U.S. 669, 677 (1987). But the appellate court may address any issue fairly included within the certified order because "it is the *order* that is appealable, and not the controlling question identified by the district court." 9 J. Moore & B. Ward, Moore's Federal Practice ¶ 110.25[1], p. 300 (2d ed.1995). *See also* 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3929, pp. 144-145 (1977) ("[T]he court of appeals may review the entire order, either to consider a question different than the one certified as

---

[3]Jesco, however, seems to acknowledge that it was a single order that was appealed in its brief by stating that "the court certified part of its order so as to authorize an interlocutory appeal of its denial of defendants' motion for summary judgment on Jesco's separate and independent actions." Appellee's Brief at 3.

controlling or to decide the case despite the lack of any identified controlling question."); Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 Harv. L. Rev. 607, 628-629 (1975) ("scope of review [includes] all issues material to the order in question"). (Emphasis added)

*Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996). Therefore, so long as an issue is fairly included within the certified order, we have jurisdiction to decide that issue.

In the present case, the language which the district court used in its September 1, 2000 order certifying the question actually amended its previous July 18th order. Therefore, under *Yamaha* the entire previous order is subject to our jurisdiction because it is identified as the pertinent order in the order approving an appeal.[4] Consequently, we have jurisdiction to decide both the district court's grant of summary judgment and its denial of summary judgment because both actions are clearly included within the certified order. In both, this Court was also required to determine whether the district court correctly determined that the writings failed to meet the requirements of the Louisiana Credit Agreement Statute. The issues are all inextricably intertwined with each other. We certified these same issues to the Louisiana Supreme Court and that Court:

1) accepted the determination of the U.S. District

---

[4]The district court stated that "an immediate appeal from **the order** may materially advance the ultimate determination of the litigation." The words "the order" is a reference to the July 18, 2000 order which was being amended.

7

Court that the writings in this case did not satisfy the requirement of the Louisiana Statute and that any agreement could only be an oral agreement;

2)    determined that Bank of America "qualifies as any other type of creditor that extends credit" as defined in the Louisiana Statute; and

3)    that the Louisiana Statute precludes "all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery asserted".

In conclusion, we hold that under **Yamaha's** interpretation of Section 1292(a), this Court has jurisdiction to review both the denial of summary judgment and the granting of summary judgment as contained in the July 18th order.  Furthermore, utilizing the answers given us by the Louisiana Supreme Court we conclude that the district court did not err in granting summary judgment on the breach of contract claim but that its "*Erie* guess" was wrong as to the other causes of action and should be reversed.  We therefore deny Jesco's petition for rehearing.

**PETITION DENIED.**