787 So.2d 280 (2001)
Mildred HALL, Lee White, Willie Mae Williams, et al.
v.
ZEN-NOH GRAIN CORPORATION,
v.
Louisiana Insurance Guaranty Association.
No. 2001-C-0324.
Supreme Court of Louisiana.
April 27, 2001.
PER CURIAM.[*]
Plaintiffs filed the instant toxic tort suit against defendant, Zen-Noh Grain Corporation ("Zen-Noh"), seeking damages for *281 injuries allegedly caused by the actions and operations of Zen-Noh from 1975 forward. Zen-Noh, in turn, filed a third-party demand against the Louisiana Insurance Guaranty Association ("LIGA"), alleging that LIGA is liable to Zen-Noh under LIGA's general statutory obligation by virtue of the insolvency of Zen-Noh's primary insurer, The North West Insurance Company, declared insolvent in 1984, and its excess carrier, Transit Casualty Company ("Transit"), declared insolvent in 1985. LIGA subsequently filed a peremptory exception raising the objection of no cause of action, contending that the third-party demand failed to make the requisite allegations that Zen-Noh had exhausted all applicable policies prior to proceeding against LIGA, as required by La. R.S. 22:1386.[1] In particular, LIGA pointed to the separate third-party demands which Zen-Noh filed against two other insurers, Old Republic Insurance Company ("Old Republic") and Lexington Insurance Company ("Lexington").
In response to LIGA's exception of no cause of action, Zen-Noh filed a supplemental and amending third-party demand asserting that the Transit policies were issued for the period July 7, 1982 through July 7, 1984, and that for that two-year period, Zen-Noh "does not have a claim against an insurer under any provision in any insurance policy in effect during that time period," other than the policies issued by the two insolvent carriers.
After a hearing, the trial court maintained LIGA's exception of no cause of action and dismissed the third-party demand of Zen-Noh, on the ground that under La. R.S. 22:1386, an insured is statutorily required to exhaust all available coverage prior to instituting a claim against LIGA. Zen-Noh appealed, and the court of appeal affirmed the trial court's ruling. This application followed.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. P. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Kuebler v. Martin, 578 So.2d 113 (La.1991); Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
Applying these principles to the instant case, we find Zen-Noh clearly alleged in its third-party demand that it does not have a claim against an insurer (other than the insolvent insurers) under any provision in an insurance policy in effect during the relevant time period, July 7, 1982 through July 7, 1984. Therefore, on its face, Zen-Noh's petition satisfies the requirement under La. R.S. 22:1386 that it exhaust its rights under solvent insurance policies prior to proceeding against LIGA.
We recognize that Zen-Noh has filed third-party demands against other insurers, Old Republic and Lexington. LIGA maintains that the existence of Zen-Noh's *282 claims against these solvent insurers establishes on the face of the pleadings that Zen-Noh has not exhausted its rights as required by La. R.S. 22:1386. However, a review of Zen-Noh's third-party demands in these matters reveals that the applicable policy periods are outside of the July 7, 1982 through July 7, 1984 time frame for which Zen-Noh seeks coverage from LIGA.[2] Nothing in these pleadings contradicts Zen-Noh's allegation that it does not have a claim against an insurer under any provision in any insurance policy in effect during the July 7, 1982 to July 7, 1984 period. Thus, the lower courts erred in maintaining LIGA's exception of no cause of action.[3]
Accordingly, the writ is granted. The judgment of the court of appeal is reversed. LIGA's exception of no cause of action is overruled, and the case is remanded to the trial court for further proceedings.
NOTES
[*] Philip C. Ciaccio, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] La. R.S. 22:1386 provides, in pertinent part:

A. Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy.
[2] Zen-Noh's third-party demand against Old Republic alleges a policy period from July 7, 1993 through July 7, 1994. Zen-Noh's third-party demand against Lexington alleges a policy period from December 1, 1984 through December 1, 1985.
[3] We are cognizant of the fact that the exact date of plaintiffs' injuries are unclear at this point, although plaintiffs' petition alleges the injuries commenced in 1975. Should it ultimately be determined through discovery that plaintiffs' injuries fall outside of the July 7, 1982 through July 7, 1984 time period, or that other insurers would cover plaintiffs' claims, nothing in this opinion would preclude LIGA from seeking relief through a properly supported motion for summary judgment.