830 So.2d 989 (2002)
JESCO CONSTRUCTION CORPORATION
v.
NATIONSBANK CORPORATION, et al.
American International Speciality Lines Insurance Company, Continental Casualty Company, Underwriters at Lloyds of London,
v.
Bank of America Commercial Finance Corporation Formerly Known as Nationscredit Commercial Finance Corporation.
No. 2002-CQ-0057.
Supreme Court of Louisiana.
October 25, 2002.
Rehearing Denied December 13, 2002.
*990 Edward F. Downing, III, Metairie, Gauthier, Downing, LaBarre, Beiser & Dean,; Jon Alan Gegenheimer, Edward D. Markle, Mishthi Grace Ratnesar Hanson, Gerald F. Slattery, Jr., David R. Dyer, John Weathington, III, Andrew R. Thomas, Kyle Schonekas, Schully, Roberts, Slattery, Jubert & Marino; Michael J. Juneau, Lafayette, Karen T. Bordelon, Alexis J. Rogoski, Peter J. Wanek, New Orleans, Thomas P. Anzelmo, Sr., Metairie, Kyle P. Kirsch, Campbell, McCranie, Sistruck, Anzelmo & Hardy, for Respondent.
Sheryl A. Odems, Mary E. Roy, New Orleans, for Duncan Williams Inc. (Amicus Curiae).
David J. Boneno, Metairie, for Louisiana Bankers Association (Amicus Curiae).
TRAYLOR, Justice.
We accepted the certified question presented to this court by the United States Fifth Circuit Court of Appeals in Jesco Construction Corp. v. NationsBank Corp., 278 F.3d 444, 448 (5th Cir.2001).[1] The question presented is "whether the Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery." For the reasons that follow, we answer that question in the affirmative.

FACTS and PROCEDURAL HISTORY[2]
This matter arises from a failed loan application process in which Jesco Construction Corporation ("Jesco") sought a $17.7 million loan from Bank of America Commercial Finance Corporation ("BACF").[3] Jesco sought to obtain the loan in order to purchase the stock of King Fisher Marine Services.
The parties differ on why Jesco terminated the loan application process prior to its completion. Jesco contends that the appraisals were done; terms negotiated; and closing documents circulated; and that BACF indicated on October 23, 1997, that the loan was approved; that the transaction would be completed by the following *991 Friday; and that the loan was a "done deal." On the other hand, BACF claims that appraisals of King Fisher revealed that it was worth less than BACF's letter of interest required. An unrelated third party eventually bought the King Fisher stock for $2 million more than the Jesco offer.
Jesco originally filed the matter in the Civil District Court for the Parish of Orleans in April 1998, alleging breach of contract, detrimental reliance, negligent misrepresentation, unfair trade practices, breach of the duty of good faith and fair dealing, promissory and equitable estoppel, and breach of fiduciary duty. The case was subsequently removed to the United States District Court for the Eastern District of Louisiana on the jurisdictional basis of diversity of citizenship.
BACF filed a motion for summary judgment alleging that because there had been no written credit agreement as required by the Louisiana Credit Agreement Act, specifically Article 6:1122 of the Louisiana Revised Statutes, all of Jesco's theories of recovery were barred. The United States District Court expressly found that there had been no written agreement within the meaning of Article 6:1122. The District Court made an "Erie guess" based on this court's dicta in Whitney National Bank v. Rockwell, 94-3049 (La.10/16/95); 661 So.2d 1325, ruling that Article 6:1122 did bar Jesco's breach of contract claim, but that it did not bar Jesco's alternative theories of recovery. BACF appealed the decision to the United States Fifth Circuit Court of Appeals, which, rather than making its own "Erie guess," then certified the above question to this court.

DISCUSSION
In order to answer the question certified, this court must determine the meaning of the Louisiana Credit Agreement Statute, Article 6, §§ 1121-3 of the Louisiana Revised Statutes, particularly § 1122 of the article.
La.Rev.Stat. 1122 reads:
§ 1122. Credit agreements to be in writing
A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
La.Rev.Stat. 6:1122 expressly prohibits an action against a creditor based upon an oral credit agreement unless the agreement is in writing, expresses consideration, sets forth relevant terms and conditions, and is signed by the creditor and the debtor. Whitney, 661 So.2d at 1331 (emphasis added). A "creditor" is defined in La.Rev. Stat. 1121 as "a financial institution or any other type of creditor that extends credit or extends a financial accommodation under a credit agreement with a debtor." The same statute defines "credit agreement" as "an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or make any other financial accommodation." La.Rev.Stat. 1121.
Because BACF qualifies as "any other type of creditor that extends credit" and because the loan sought by Jesco was "an agreement to lend ... money or goods or to otherwise extend credit ...," the only remaining possible ambiguity in the statute turns on the definition of the word "action."
With regard to the term action, we have previously stated that:
The Code [of Civil Procedure] defines "action" as a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to the court. Cumulation of *992 actions is the joinder of separate actions in the same judicial demand. Whether or not to cumulate separate actions is a discretionary decision to be made by a plaintiff. On the other hand, all actions arising out of the same transaction or occurrence must be brought together or be subject to a plea of res judicata. Several "actions" may therefore be present in the same lawsuit. James v. Formosa Plastics Corporation of Louisiana, 01-2056 (La.4/3/02); 813 So.2d 335, 338-9, citations omitted.
Thus, all actions (or causes of action or theories of recovery) based upon an oral agreement to lend money are barred by the La.Rev.Stat. 6:1122.
Jesco alleged in its petition breach of contract, detrimental reliance, negligent misrepresentation, unfair trade practices, breach of the duty of good faith and fair dealing, promissory and equitable estoppel, and breach of fiduciary duty. The basis for each and every one of these causes of action is the failure by BACF to make a loan based upon an alleged oral credit agreement. Therefore, each and every cause of action stated by Jesco in its petition is barred by La.Rev.Stat. 6:1122.
As we stated in Whitney, the primary purpose of credit agreement statutes is to prevent potential borrowers from bringing claims against lenders based upon oral agreements. To allow debtors to skirt the Louisiana Credit Agreement Statute by bringing actions other than breach of contract, but which are based upon oral agreements to lend money, would thwart the intent of the legislature and render the entire statute meaningless.
We answer the question certified to us in the affirmative. The Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery asserted.

DECREE
We answer the certified question as set forth in this opinion. Pursuant to Rule XII, Supreme Court of Louisiana, the judgment rendered by this court upon the question certified shall be sent by the clerk of this court under its seal to the United States Court of Appeals for the Fifth Circuit and to the parties.
CERTIFIED QUESTION ANSWERED
CALOGERO, Chief Justice, dissents and assigns the following reasons:
I respectfully disagree with the majority's conclusion that the Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery. As this court noted in Whitney National Bank v. Rockwell, 94-3049, p. 11 (La.10/16/95), 661 So.2d 1325, 1331, "[t]he Louisiana statute does not address, one way or the other, any protection of unsophisticated borrowers or any exemption based on fraud, misrepresentation, promissory estoppel or other equitable theory." Nevertheless, for the following reasons, the language chosen by the legislature, "[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing," indicates that the only cause of action on an oral credit agreement the statute precludes is breach of contract. (Emphasis added).
The federal district court in this case correctly held that the Louisiana Credit Agreement Statute barred Jesco's breach of contract claim against BACF because the parties did not confect a written contract. The statute does not, however, preclude Jesco's alternative theories of recovery, such as detrimental reliance, negligent misrepresentation, violation of the Unfair Trade Practices Act, and fraud, because *993 these actions are not based "on a credit agreement."
As the majority notes, BACF allegedly led Jesco to believe that appraisals had been completed, terms negotiated, and closing documents circulated for the loan. Jesco further contends that BACF informed it that the loan had been approved and that the transaction would be completed within a matter of days. BACF's actions indicate that the alleged wrongful conduct occurred during the negotiation phase preceding the execution of any oral credit agreement between the two parties. As Jesco aptly noted in its brief to this court, "[a] representation of fact is not an `agreement,' and a misrepresentation of a lender's capacity or willingness to close a loan is not a credit agreement." Plaintiff's alternative causes of action, therefore, are not based "on a credit agreement," but on pre-agreement behavior, and are not barred by the statute.
Jesco's alternative theories of recovery against BACF include fraud and negligent misrepresentation. A noteworthy commentary cited by this court in Whitney Bank v. Rockwell, specifically observed that no state has gone so far as to preclude actions on an oral agreement to lend based on negligent misrepresentation or fraud. John L. Culhane, Jr. & Dean C. Gramlich, Lender Liability Limitation Amendments to State Statutes of Fraud, 45 Bus. Law. 1779, 1791 (1991) (analyzing the 25 state credit agreement statutes passed at the time of the writing, including Louisiana's). Louisiana's statute contains the same language as the credit agreement statutes of many other states, that an action cannot be brought on an oral credit agreement. See Fla. Stat. 687.0304 (1989); Minn.Stat. 513.33 (1985). As this court has noted, "the primary legislative purpose in enacting credit agreement statutes was to establish certainty as to the contractual liability of financial institutions." Whitney Bank, 661 So.2d at 1330. The language of the statute is, therefore, insufficient to indicate a legislative intent to preclude theories of recovery other than breach of contract. See Culhane & Gramlich, supra.
In 1989, the same year our legislature adopted the Louisiana Credit Agreement Statute, the American Bankers Association ("ABA") drafted a model credit agreement statute. The drafters of this statute recognized that borrowers under an oral credit agreement often pursue theories of recovery other than breach of contract. Culhane & Gramlich, supra. Accordingly, the model statute specifically precludes actions on oral credit contracts based on the following legal or equitable theories:
(a) An implied agreement based on course of dealing or performance or on a fiduciary relationship;
(b) promissory or equitable estoppel;
(c) part performance ...; or
(d) negligent misrepresentation.
Our legislature did not have the opportunity to review the ABA model statute before drafting the Louisiana Credit Agreement statute because the two statutes were enacted at approximately the same time. Nonetheless, the language of this model statute illustrates that the legislature could have easily phrased our statute to foreclose multiple theories of recovery. Other states have included more restrictive language in their credit agreement statutes. See, e.g., 815 Ill. Comp. Stat. 160/2 (1989) ("a debtor may not maintain an action on or in any way related to a[n oral] credit agreement...."); Colo.Rev.Stat. XX-XX-XXX(3) (precluding actions on oral credit agreements based on fiduciary duty, partial performance, and promissory estoppel). Our legislature often enacts statutes that preclude all legal *994 theories of recovery. See, e.g., La.Rev. Stat. 9:2800.52 ("this chapter establishes the exclusive theories of liability for manufacturers for damage caused by their product"); La.Rev.Stat. 23:1032 ("the rights and remedies herein granted to an employee ... shall be exclusive of all other rights, remedies, and claims for damages...."); La.Rev.Stat. 9:3150 ("This chapter provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction, and no other provisions of law relative to warranties of redhibitory vices and defects shall apply."). Therefore, when the legislature intends to preclude all theories of recovery in a statute, it consistently does so expressly and unequivocally, and there is no reason for this court to infer such an intent from this statute, which is silent regarding alternative theories of recovery.
The majority opinion will allow lenders to freely defraud unsophisticated borrowers. Lending institutions like BACF should not be allowed to commit misrepresentation and fraud, and engage in unfair trade practices to the detriment of a innocent borrowers who sustain damage because of their good faith. Such a result surely extends the reach of the Louisiana Credit Agreement Statute beyond its plain language. Accordingly, I would hold that the Louisiana Credit Agreement Statute forecloses only a borrower's breach of contract action on an oral credit agreement.
NOTES
[1] Jesco Construction Corp. v. Nationsbank Corp., XXXX-XXXX (La.3/28/02), 812 So.2d 638.
[2] We set out the facts as delineated by the court of appeals in Jesco Construction Corp. v. NationsBank Corp., 278 F.3d 444 (5th Cir. 2001).
[3] Bank of America Commercial Finance Corporation is the successor to the only remaining defendant originally sued by Jesco. For the sake of simplicity, and because it does not effect the reasoning behind this decision, we refer to all entities with which Jesco conducted business as BACF.