hWRIT GRANTED

Plaintiff/respondent, L.A. Homes, Inc. (“L.A. Homes”), filed a lawsuit against defendant/relator, First National Bank USA (“FNB”), for breach of contract and specific performance. In its petition,' L.A. Homes alleged it had defaulted on two promissory notes payable to FNB that were secured by multiple indebtedness mortgages on several properties. It further alleged it entered into an agreement with FNB through various email exchanges for a elation en paiment wherein FNB agreed to accept the mortgaged properties and $50,000 in cash in full satisfaction of L.A.’s Homes’ debts.
FNB filed an exception of no cause of action asserting L.A. Homes failed to allege the existence of an agreement that complies with La. R.S. 6:1122, or the Louisiana Credit Agreement Statute, and therefore the petition failed to state a cause of action against FNB. After a hearing, the trial court overruled the exception of no cause of action. The trial court reasoned that L.A. Homes alleged sufficient facts to state a cause of action for breach of contract. FNB filed this writ application seeking review of the trial court’s ruling on its exception of no cause of action.
Under La. R.S. 6:1122, “[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.” [Emphasis added.] A “creditor” is defined as “a financial institution or any other type of creditor that extends credit or extends a financial accommodation under a credit *182 agreement with a debtor.” La. R.S. 6:1121. A “debtor” is “a person or entity that obtains credit or seeks a credit agreement with a creditor or who owes money to a creditor.” Id. A “credit 12agreement” is “an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or make any other financial accommodation.” Id.
The terms of the Louisiana Credit Agreement Statute clearly apply to the alleged facts of this case. In its petition, L.A. Homes alleged FNB is a bank and that L.A. Homes executed a promissory note payable to FNB that was secured by a multiple indebtedness mortgage. FNB is a “creditor,” L.A. Homes is a “debtor,” and any offer to modify the payments under the promissory notes through a dation en paiment falls under the definition of “credit agreement” as a type of “any other financial accommodation.”
L.A. Homes never alleged the agreement confected through email was signed by both parties. Further, the emails evidencing the alleged agreement, which are attached to the petition, are not signed by both parties. Therefore, under La. R.S. 6:1122, L.A. Homes is precluded from maintaining any action against FNB, including one for breach of contract. See Jesco Construction Corp. v. Nationsbank Corp., 02-57 (La.10/25/02), 830 So.2d 989; Bolen v. Dengel, 340 F.3d 300 (5th Cir. 2003), cert. denied, 541 U.S. 959, 124 S.Ct. 1714, 158 L.Ed.2d 399 (2004) (“[because Dengel did not plead that he and his wife signed the credit agreement ... as required by La. R.S. 6:1122, Dengel may not maintain an action for the alleged breach.”); and, Bass v. Chase Home Finance L.L.C, 2010 WL 3922709 (E.D.La.2010) (not reported).
Accordingly, we find the trial court erred in overruling FNB’s exception of no cause of action. Therefore, FNB’s writ application is granted and judgment is entered sustaining FNB’s exception of no cause of action.