FREDERICKS HOMBERG WICKER, Judge.
| ¡«Plaintiff filed suit for repayment of money that he allegedly loaned Defendant pursuant to an oral loan agreement. On summary judgment, the trial court found that Plaintiffs action was precluded by the Louisiana Credit Agreement Statute, La. R.S. 6:1122. For the reasons that follow, we find that the trial court erred in applying the Louisiana Credit Agreement Statute to the case at bar. Therefore, we reverse the trial court’s judgment granting summary judgment in favor of Defendant, and remand the matter for further proceedings consistent with this opinion.
FACTUAL AND PROCEDURAL HISTORY
This case arises out of a dispute over an alleged oral agreement for an unsecured personal loan. Plaintiff, Morgan Palmisa-no, was involved in a romantic relationship with Defendant, Jennifer Nauman-Anderson, for approximately ten months. During the course of their relationship, Ms. Nauman-Anderson received cash payments, plane tickets, and clothing from Mr. Palmisano. According to Mr. Palmisano, the cash payments at issue were for, inter alia, payments towards Ms. Nauman-Anderson’s credit card bills, expenses related to starting her business, and |sMs. Nauman-Anderson’s legal expenses. Mr. Palmisano claims that both parties agreed, at the time he advanced the money and items to Ms. Nauman-Anderson, that he gave them to her pursuant to an oral loan agreement.
According to Ms. Nauman-Anderson, the money and items she received from Mr. Palmisano were gifts. She claims that Mr. Palmisano did not tell her that the items were given to her pursuant to a loan agreement until after their romantic relationship ended. In June 2010, following the termination of their relationship, Mr. Palmisano sent Ms. Nauman-Anderson a promissory note memorializing the terms of their alleged loan agreement. Ms. Nau-man-Anderson, however, refused to sign the note. In June 2011, Mr. Palmisano sent Ms. Nauman-Anderson a demand letter requesting that he be repaid in full for his alleged loan to her.
On June 22, 2012, Mr. Palmisano filed suit against Ms. Nauman-Anderson.[1] Mr. Palmisano’s petition alleged that Ms. Nau-man-Anderson is liable to him in the amount of $25,379.88 for money loaned and advanced to her during the course of their relationship.[2]
Following discovery, on December 19, 2013, Ms. Nauman-Anderson filed a Motion for Summary Judgment. Ms. Nau-man-Anderson’s Motion for Summary Judgment was wholly based on the proposition that in order to constitute an actionable loan the subject loan agreement must be written and signed by both parties involved. In her memorandum in support of her Motion for Summary Judgment, Ms. Nauman-Anderson first argued that Mr. Palmisano’s lawsuit was barred by the Louisiana Credit Agreement Statute, La. R.S. 6:1122. According to Ms. Nauman-Anderson, La. R.S. 6:1122 requires that all loan agreements be in writing. Ms. Nau-man-Anderson also argued that because Mr. Palmisano produced |4an unsigned promissory note during discovery, and promissory notes are only enforceable if signed, Mr. Palmisano, in failing to produce a written, signed and enforceable *893 promissory note, cannot maintain his claim for repayment of the alleged loan. In support of her Motion for Summary Judgment, Ms. Nauman-Anderson attached several of Mr. Palmisano’s discovery responses indicating his inability to produce a written and signed loan agreement between the parties.
On February 5, 2014, the trial court held a hearing on Ms. Nauman-Anderson’s Motion for Summary Judgment. After taking the matter under advisement, on February 21, 2014, the trial court granted Ms. Nau-man-Anderson’s motion and entered summary judgment in her favor. The trial court also provided written reasons for judgment in which the trial court found that Mr. Palmisano’s suit is barred by La. R.S. 6:1122 because he could not provide a written loan agreement. Mr. Palmisano subsequently filed a Motion for New Trial, which was denied. This timely appeal follows.
DISCUSSION
Mr. Palmisano assigns four assignments of error, all of which essentially allege that the trial court’s granting of Ms. Nauman-Anderson’s Motion for Summary Judgment, and its subsequent denial of Mr. Palmisano’s Motion for New Trial, were in error. For the following reasons, we find that the trial court erred in entering summary judgment in favor of Ms. Nauman-Anderson. Accordingly, we reverse the trial court’s judgment and remand the matter for further proceedings consistent with this opinion.
Summary judgment is appropriate when there remains no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In a motion for summary judgment, the mover bears the burden of proof; however, the mover need only “point out to the court that there is an | ^absence of factual support for one or more elements essential to the adverse party’s claim.” La. C.C.P. article 966(C)(2). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Misuraca v. City of Kenner, 01-707 (La.App. 5 Cir. 11/14/01), 802 So.2d 784, 787. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.
First, we address Ms. Nauman-Anderson’s claim that the Louisiana Credit Agreement Statute bars Mr. Palmisano’s claim. The Louisiana Credit Agreement Statute, La. R.S. 6:1121, et seq., specifically prohibits a debtor’s claim against a creditor unless the agreement is in writing, expresses consideration, sets forth relevant terms and conditions, and is signed by the creditor and the debtor. La. R.S. 6:1122 was enacted to curb an increasing number of lawsuits wherein debtors sued banks, asserting breaches of oral agreements to lend, refinance, or forbear from enforcing contractual remedies. Whitney Nat’l Bank v. Rockwell, 94-3049 (La.10/16/95), 661 So.2d 1325, 1333.
A “creditor” is defined by La. R.S. 6:1121 as “a financial institution or any other type of creditor that extends credit or extends a financial accommodation under a credit agreement with a debtor.” A “debtor,” on the other hand, is defined by La. R.S. 6:1121 as “a person or entity that obtains credit or seeks a credit agreement with a creditor or who owes money to a creditor.” The same statute defines “credit agreement” as “an agreement to lend or forbear repayment of money or goods or *894 to otherwise extend credit, or make any other financial accommodation.” La. R.S. 6:1121.
|fiBoth Ms. Nauman-Anderson and the trial court, in its Written Reasons for Judgment, cite Jesco Constr. Corp. v. NationsBank Corp. 02-0057 (La.10/25/02), 830 So.2d 989, for the proposition that “[t]he Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery stated.” However, both Ms. Nauman-Anderson and the trial court misread the Jesco case.
The Jesco case arose from a failed loan application process wherein the plaintiff, a would-be debtor, sought a 17.7 million dollar loan from the defendant bank. Jesco, supra, at 990. The plaintiff corporation argued that, based on an oral agreement, the loan was a “done deal” prior to the bank’s subsequent decision to terminate the loan process. Id. at 991. The plaintiff corporation filed suit alleging, inter alio, breach of contract, detrimental reliance, negligent misrepresentation, unfair trade practices, and breach of fiduciary duty. Id. On certified question from the United States Fifth Circuit Court of Appeals, the Louisiana Supreme Court was asked to determine whether the Louisiana Credit Agreement Statute precluded all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery asserted. Id. The Louisiana Supreme Court found that because the basis of all the plaintiff corporation’s claims was the failure of the defendant bank to make a loan based on an alleged oral credit agreement, the Louisiana Credit Agreement Statute precluded all the plaintiff corporation’s claims, regardless of the theory of recovery asserted. Id. at 992.
Pointedly, Jesco concerned an action brought by a potential debtor. This case, on the other hand, concerns an action brought by an alleged creditor. La. R.S. 6:1122 specifically states that “[a] debtor shall not maintain an action on a credit agreement ...” (emphasis added). The Jesco case does not stand for the proposition that any party seeking to sue on a loan must do so based upon a written 17credit agreement in compliance with the Louisiana Credit Agreement Statute. Rather, Jesco stands for the proposition that a debtor may not maintain an action' against a creditor based upon an oral credit agreement, regardless of the theory of recovery asserted. The plain language of the Louisiana Credit Agreement Statute prevents its application to Mr. Palmisano’s suit. Therefore, after a thorough review of the Louisiana Credit Agreement Statute and its progeny, including Jesco, we find that it is inapplicable to Mr. Palmisano’s suit in this case.[3] Accordingly, the trial court erred in granting summary judgment based on La. R.S. 6:1122 and Jesco.
Next, we turn to Ms. Nauman-Anderson’s argument that she is entitled to summary judgment because the promissory note Mr. Palmisano produced during discovery is unsigned.[4] Ms. Nauman-Anderson is correct in her assertion that in *895 order for a promissory note to be enforceable, it must be signed by an identifiable maker. Simmons v. Clark, 08-431 (La.App. 5 Cir. 01/27/09), 8 So.3d 102, 110. However, absent special circumstances, personal, unsecured loans based on oral agreements are legally valid and enforceable under Louisiana law and need not be memorialized in the form of a promissory note. See Sherar v. Besse, 07-2003 (La. App. 1 Cir. 08/12/09); 15 So.3d 385; Chaisson v. Chaisson, 29,243 (La.App. 2 Cir. 02/26/97), 690 So.2d 899. Louisiana Civil Code Article 1927 provides that:
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Therefore, oral loan agreements are clearly permissible under Louisiana law. In this case, Mr. Palmisano has never asserted that his alleged loan agreement with |sMs. Nauman-Anderson was originally made pursuant to a promissory note. According to both parties, Mr. Palmisano sent Ms. Nauman-Anderson a promissory note to sign in order to memorialize their loan agreement after their romantic relationship ended. The alleged loan agreement between Mr. Palmisano and Ms. Nauman-Anderson did not require a promissory note in order to be. valid and enforceable. Consequently, the fact that Mr. Palmisano produced an unsigned promissory note during discovery is irrelevant to the question of whether the alleged loan agreement is valid and enforceable. Accordingly, this argument in support of Ms. Nauman-Anderson’s Motion for Summary Judgment lacks merit.
Because Ms. Nauman-Anderson’s Motion for Summary Judgment was based wholly upon two faulty legal premises, first, that La. R.S. 6:1122 applies to this lawsuit, and second, that her alleged loan agreement with Mr. Palmisano required a signed promissory note, we find that she failed to meet her burden of proof in order to obtain summary judgment under Louisiana Code of Civil Procedure Article 966.[5] Therefore, the trial court erred in entering summary judgment on her behalf.
CONCLUSION
For the reasons discussed above, we find that the trial court erred in granting Ms. Nauman-Anderson’s Motion for Summary Judgment. Accordingly, we reverse the trial court’s judgment granting summary judgment and remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. Mr. Palmisano originally filed his petition as an action on an open account pursuant to La. R.S. 9:2781 but later amended his petition to a suit for breach of contract.

. According to Mr. Palmisano, Ms. Nauman-Anderson originally owed him $25,879.88 but eventually made a $500 payment towards her alleged debt.

. We do not, however, otherwise comment on the breadth of La. R.S. 6:1122.

. Although this argument is not discussed in the trial court’s Written Reasons for Judgment, it is briefly raised in Ms. Nauman-Anderson’s Motion for Summary Judgment. Ms. Nauman-Anderson's motion resulted in the judgment that is the subject of this appeal, and therefore this argument is relevant to whether or not the trial court erred. “Judgments and reasons for judgments are two distinct documents, and appeals are taken from judgments.” Ziegel v. South Central Bell, 93-547 (La.App. 5 Cir. 3/16/94), 635 So.2d 314.

. Since Ms. Nauman-Anderson failed to meet her original burden of proof under Louisiana Code of Civil Procedure Article 966, the burden never shifted to Mr. Palmisano to show that a genuine issue of material fact remained in dispute.