ROBERT M. MURPHY, Judge.
Ijn this appeal, which follows an action for a deficiency judgment coming after the judicial sale of property through executory process, appellant, Douglas Schmidt, appeals the trial court’s ruling that granted an exception of no cause of action filed by appellees, Whitney Bank, Ted Pender and Clay LeGros, dismissing his reconventional demands, as well as the trial court’s ruling that granted summary judgment on the principal demand in favor of Whitney Bank. For the reasons that follow, the appeal is affirmed in part with respect to the dismissal of Schmidt’s reconventional demand against Pender and LeGros, and dismissed in part for lack of appellate jurisdiction over the remaining issues.
| FACTS AND RELEVANT PROCEDURAL HISTORY
On February 8, 2011, Hancock Bank of Louisiana (which subsequently became Whitney Bank) filed a Petition For Execu-tory Process which alleged default on a promissory note secured by a multiple indebtedness mortgage and executed by 3429 H, LLC (“3429”). Whitney requested an appraisal of the property securing the mortgage before judicial sale. The petition further alleged that appellant, Douglas Schmidt (“Schmidt”), and David A. Newsome (“Newsome”), separately granted commercial guarantees as additional security for the note.
On May 16, 2012, Whitney filed a supplemental petition for executory process, and on June 13, 2012, the Jefferson Parish Sheriff’s Office issued a notice of seizure and sale of the mortgaged property. The record indicates Mr. Schmidt was served with the notice of seizure and sale on June 22, 2012. The property was sold at public auction on January 23, 2013, for $430,000 to a third-party purchaser. Following the sale, the sheriff filed a process verbal into the mortgage record, which indicates that two appraisers valued the property at $630,000 and $625,000 prior to the sheriffs sale.
Following the sale, Whitney filed a supplemental petition for deficiency judgment on March 27, 2013, asserting that the proceeds for the sale of the collateral were insufficient to satisfy the amount due on the promissory note. Schmidt answered the supplemental petition for deficiency judgment, raised affirmative defenses and brought a reconventional demand on December 27, 2013. Schmidt named a Whitney bank officer, Ted Pender (“Pender”), as a defendant-inreconvention, contending that he and Pender entered into an agreement that, if interest payments were made by Schmidt, Whitney would not institute foreclosure proceedings. Schmidt further named Whitney’s attorney, Clay LeGros |4(“LeGros”), in his reconventional demand, claiming that LeGros told him that the bank did not recognize the agreement he claims to have made with Pender, despite *277 the fact that he had made interest payments of over $56,000.00.
On May 2, 2014, Pender filed an exception of insufficiency of service of process and Whitney, Pender and LeGros filed exceptions of no cause of action. In summary, Whitney, Pender and LeGros argued that the absence of a written credit agreement between Whitney and Schmidt, pursuant to La. R.S. 6:1121, precluded Schmidt’s reconventional demands. Whitney, Pender and LeGros’ exceptions were granted following a hearing on September 8, 2014.[1] Schmidt filed a motion for new trial on the granting of the exceptions, which was denied on October 2, 2014. With respect to the dismissal of the recori-ventional demands, on December 1, 2014, Schmidt filed a petition for appeal of “the final judgment rendered in the above cause on September 8,2014.”
On August 15, 2014, Whitney also filed a motion for summary judgment on its principal demand for a deficiency judgment. On October 21, 2014, following a hearing, the trial court granted Whitney’s motion for summary judgment on its petition for deficiency judgment against 3429 and Schmidt.[2] The Jefferson Parish Clerk of Court mailed notice of the signing of this judgment on October 22, 2014. On November 2, 2014, Schmidt filed a motion for new trial on Whitney’s motion for summary judgment, which the trial court denied. On January 8, 2014, Schmidt filed a petition for appeal challenging the trial court’s October 21, 2014 judgment granting Whitney’s motion for summary judgment.[3]

J¿AWAND ANALYSIS

After a review of the record in this matter, we conclude that this Court lacks jurisdiction to consider Schmidt’s second devolutive appeal from the October 21, 2014 judgment because it is untimely. We further find that the portion of the September 8,2014 judgment, sustaining defendant Whitney’s exception of no cause, of action, is not a final appealable judgment because it did not resolve all claims between Schmidt and Whitney. We will, however, consider the portion of the first appeal from' the September 8, 2014 judgment granting the exceptions of no cause of action in favor of defendants-in-recon-vention, Tom Pender and Clay LeGros, because that judgment dismissed those parties from the litigation and is thus ap-pealable pursuant to La. C.C.P. art. 1915(A).

Appeal from Judgment On Whitney’s Motion For. Summary Judgment

La. C.C.P. art. 2087(A) provides that the delay for filing a devolutive appeal commences upon the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, or the date of the mailing of the notice of the trial court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict.' The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing on the day after the *278 clerk has mailed, or the sheriff has served, the notice of judgment. See La. C.C.P. art. 1974.
The appeal delays found in La. C.C.P. art.2087 are not prescriptive periods that are subject to interruption; these time limits are jurisdictional. An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolu-tive appeal has elapsed. Martin v. Freiberger, 02-188 (La.App. 5 Cir. 6/26/02), 822 So.2d 810, 812. A court’s lack of jurisdiction can be noticed by the court on its own motion at any time. La. C.C.P. art. 2162.
The record shows that the Jefferson Parish Clerk of Court’s office mailed a notice of the signing of the judgment granting Whitney’s motion for summary judgment on October 22,2014. Accordingly, Schmidt’s deadline to file a motion for new trial, under La. C.C.P. art. 1974, was October 31, 2014,-seven days (exclusive of legal holidays),-after the Clerk’s mailing.[4] However, Schmidt did not fax file his motion for new trial until November 2, 2014. Thus, Schmidt’s motion for new trial was untimely.[5]
An untimely motion for new trial will not serve to interrupt the delays for taking a devolutive appeal. Falkins v. Jefferson Parish Sch Bd., 97-26 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. As stated above, La. C.C.P. art. 2087(A) provides that a devolutive appeal must be taken within 60 days of the expiration of the delay for applying for a new trial, if no application has been filed timely. Schmidt’s motion for appeal was fax filed on January 8, 2015, over 60. days from October 31, -2014. Therefore, Schmidt’s appeal from, the October 21, 2014 judgment that granted WTntney’s motion for summary judgment must be dismissed as untimely. See Madere v. St. John the Baptist Parish, 04-1036 (La.App. 5 Cir. 03/01/05), 900 So.2d 73.

Appeal From The Exceptions Of No Cause Of Action

We first address the exception of no cause of action granted in favor of Whitney dismissing Schmidt’s reconven-tional demand. Because WTiitney’s main | .¿demand was still pending at the time of the September 8, 2014 judgment that granted Whitney’s exception of no cause of action, that judgment was not a final judgment, but rather an interlocutory ruling. Brown v. Loraso, 11-196 (La.App. 5 Cir. 10/27/11), 77 So.3d 455. The proper procedural vehicle to seek review of this portion of the September 8, 2014 judgment was by an application for supervisory relief. See Lalla v. Calamar, N.V., 08-0952 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. Therefore, instead of appealing this portion of the judgment, Schmidt should have'sought *279 a supervisory writ. However, he did not do this.[6]
This interlocutory ruling became reviewable once again when the trial court entered the October 21, 2014 final judgment as to Whitney.[7] However, as discussed supra, Schmidt filed an untimely appeal and again lost his opportunity to seek review of this ruling. Accordingly, Schmidt’s appeal of the exception granted in favor of Whitney is dismissed.
As to defendants-in-reconvention, Pender and LeGros, however, the September 8, 2014 judgment was final and appeal-able. We will therefore consider the' merits of Schmidt’s assignments related to those parties.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords the plaintiff a remedy on the facts alleged in the pleading. Show-Me Const., LLC v. Wellington Specialty Ins. Co., 11-528 (La.App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of. action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at [¿trial of the exception is whether, on the face of the petition, the plaintiff legally-is entitled to the relief sought. Hall v. Zen-Noh Grain Corp., 01-0324 (La.4/27/01), 787 So.2d 280.
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court conducts a de nov'o analysis because the exception raises a question of law. City of New Orleans v. Board of Commissioners of the Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 253. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the. .opportunity to present evidence at trial. See Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
In paragraphs I through IX of Schmidt’s reconventional demands, Schmidt contended that he and a Whitney bank-officer, Ted Pender, entered into an agreement that if Schmidt made only interest payments, Whitney would not institute foreclosure proceedings. Schmidt further claimed that -Whitney’s attorney, Clay LeGros, breached this agreement when he instituted foreclosure proceedings despite the fact that the bank had accepted -interest payments of over $56,000.00.
Schmidt did not allege in his reconventional demand that a written credit agreement[8] existed. A verbal understanding, or oral agreement, that changed the repayment terms or- conditions for forbearance of the promissory note, which Schmidt claims was breached by Hancock/Whitney is, on its face, unen *280 forceable as per The Louisiana Credit Agreement Statute, La. R.S. 6:1122.[9] Similarly, Schmidt bdid not allege the existence of any fiduciary duty, created by a written agency agreement, owed by bank employee, Pender, or bank attorney, LeG-ros. Accordingly, there can be no cause of action against Pender and LeGros for a breach of fiduciary duty regarding the promissory note. See La. R.S. 6:1124.[10]
Based upon our de novo review of Schmidt’s reconventional demand, we cannot say that the trial court erred in granting the exceptions of no cause of action.
On appeal, Schmidt argues that he should have been allowed to amend his reconventional demand as permitted under La. C.C.P. art. 934. Schmidt does not argue or specify on appeal what amendment(s) he would have made. When the grounds of the objection pleaded by the peremptory, exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Kent v. Epherson, 03-755 (La.App. 5 Cir. 12/9/03), 864 So.2d 708, 713. However, if the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. Where amendment would be a vain and useless act, amendment of the petition is not required prior to dismissal of the action. The decision to allow amendment is within the sound discretion of the trial court. Id. Upon review, we find no abuse of the trial court’s discretion in dismissing Schmidt’s reconventional demand. This assignment is without merit.
hn DECREE
Based on the foregoing, with respect to defendants-in-reconvention, Tom Pender and Clay Legros, the trial court’s ruling on the exceptions of no cause of action is affirmed. Schmidt’s devolutive appeals against Whitney are dismissed.[11]

APPEAL AFFIRMED IN PART: DISMISSED IN PART.

. Schmidt failed to file an opposition brief in response to these exceptions.

. Schmidt again failed to file an opposition in response to the summary judgment motion despite obtaining a previous continuance of the hearing date. The trial court awarded Whitney $514,691.47 plus interest accrued through January 23, 2013, in the amount of $50,816.87, plus 25% of the principal balance as attorney's fees, subject to a credit on January 23, 2013, of $402,911.98. The court indicated that interest would continue to accrue on the unpaid principal balance at the rate of 5% per annum from January 24, 2013 until paid, and that Whitney was entitled to recover all costs of the proceedings,

.We note that although Schmidt filed two separate appeals in the district court, they were lodged as a single appeal with this Court.

. Under the applicable version of La. R.S. 1:55(E), October 31, 2014, was not a "legal holiday.”

. Schmidt argued in his motion for new trial that.his filing was timely because the Jefferson Parish Clerk of Court’s office had not mailed him notice of the signing of judgment until October 23, 2014. While Schmidt referenced an envelope in his motion, which purportedly showed an October 23, 2014 mailing date, no evidence of this envelope was attached to either his fax filing or his physically filed motion. On December 4, 2015, we issued an Order directing the Jefferson Parish Clerk of Court’s office to either supplement the record in this matter with a copy of the envelope referred to by Schmidt, or to certify that the official record did not contain such an envelope. On December 5, 2015, the Clerk of Court's office certified that the envelope referred, to was not in the record.

. Upon consideration of Schmidt’s assignments of error related to the exceptions of no cause of action, we decline to grant Schmidt additional time to file an application for supervisory writs.

. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal. Sporl v. Sporl, 00-1321 (La.App. 5 Cir. 5/30/01), 788 So.2d 682, 683-84, writ denied, 01-1926 (La.10/12/01), 799 So.2d 506.

. The promise to forbear constitutes a "credit agreement,” which is defined by La. R.S. 6:1121(1) as "an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or make any other financial accommodation.” Knight v. Magee, 01-2041 (La.App. 1 Cir. 9/27/02), 835 So.2d 636, 638-39.

. La. R.S. 6:1122 provides:
A debtor shall not maintain an action on a credit agreement unless the agreement is. in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
Furthermore, as held by the Louisiana Supreme Court in Jesco Constr. Corp. v. Nations-Bank Corp., 02-0057 (La.10/25/02), 830 So.2d 989, 992, "The Louisiana Credit Agreement Statute precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery asserted.”

. La. R.S. 6:1124 states, in relevant part:
No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

. In light of our. holding that the exception of no cause of action as to Pender was correct, the judgment as to his exception of insufficiency of service is moot.