COMMERCIAL CREDIT GROUP, INC.

VERSUS

DOUBLE R & J TRUCKING SERVICE, INC.
AND HANCOCK WHITNEY BANK

NO. 23-C-595

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 14, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** HANCOCK WHITNEY BANK

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE TIMOTHY S. MARCEL, DIVISION "E", NUMBER 91,952

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT GRANTED**

Defendant, Hancock Whitney Bank ("Hancock Whitney"), seeks review of the trial court's November 14, 2023 judgment denying its exception of no cause of action. For reasons stated more fully below, we grant Hancock Whitney's writ application, reverse the trial court's judgment, and grant Hancock Whitney's exception of no cause of action. We also allow third-party plaintiff, Double R & J Trucking Service, Inc. ("R&J"), fifteen days (15) to amend its third-party demand to state a breach of contract claim against Hancock Whitney, if one exists. However, for reasons stated more fully below, we dismiss R&J's claim against Hancock Whitney under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et. seq.* ("LUTPL"), with prejudice.

In its Third Party Demand, R&J alleges that it purchased several pieces of equipment from Extec Texas, LLC, and obtained loans from Hancock Whitney to finance some of the purchases. R&J alleges that starting in late 2022, it received

notices from Commercial Credit Group, Inc. ("CCG") seeking to recover the equipment because it was subject to a blanket lien held by CCG. R&J alleges that it contacted Hancock Whitney, which stated that if CCG repossessed the equipment, then Hancock Whitney would "call in" its loans. It further alleges that Hancock Whitney indicated that it was R&J's responsibility to conduct due diligence and that Hancock Whitney owed no duty to R&J to discover CCG's blanket lien. In its demand, R&J asserts claims against Hancock Whitney for breach of contract and violations of the LUTPL based on allegations that Hancock Whitney failed to exercise due diligence and discover CCG's blanket lien on behalf of R&J.

In response, Hancock Whitney filed an exception of no cause of action arguing that R&J's claims are barred by the Louisiana Credit Agreement Statute, La. R.S. 6:1121, *et. seq.* ("LCAS"), because R&J did not cite to a written credit agreement that obligated Hancock Whitney to search for liens on the equipment on behalf of R&J. Hancock Whitney also argued that R&J failed to state a LUTPL claim against it because of the statutory exemption for federally insured financial institutions provided in La. R.S. 51:1406(1).

In its opposition memorandum, R&J argued that Hancock Whitney's conduct constituted a breach of its duty of good faith and fair dealing that is not subject to the LCAS. R&J further argued that Hancock Whitney should be liable under LUTPL because its conduct constituted an unfair trade practice. Following a hearing, the trial court entered a judgment on November 14, 2023, denying Hancock Whitney's exception of no cause of action without reasons.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords the plaintiff a remedy on the facts alleged in the pleading. *Hancock Bank of Louisiana v. 3429 H, LLC*, 15-355 (La. App. 5 Cir. 1/13/16), 184 So.3d 274, 279, *writ denied*, 16-453

(La. 4/22/16), 191 So.3d 1038. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff legally is entitled to the relief sought. *Hall v. Zen–Noh Grain Corp.*, 01-324 (La. 4/27/01), 787 So.2d 280, 281.[1]

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court conducts a *de novo* analysis because the exception raises a question of law. *Show-Me Const., LLC v. Wellington Specialty Ins. Co*., 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. *Industrial Companies, Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207, 1213.

We first address R&J's breach of contract claim. R&J seeks to recover against Hancock Whitney based on an alleged breach of a duty of good faith and fair dealing to discover a blanket lien on the equipment it financed with Hancock Whitney. However, in order for R&J to state a claim against Hancock Whitney, the relevant provisions of the LCAS require a written agreement establishing the duty or obligation at issue. *See Jesco Const. Corp. v. Nationsbank Corp*., 02-57 (La. 10/25/02), 830 So.2d 989, 992; *Hovell v. Origin Bank*, 20-1417 (La. 3/2/21), 311 So.3d 340, 341. Specifically, La. R.S. 6:1122 of the LCAS provides that "[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." A "credit agreement" is defined as "an agreement to lend or forbear repayment of money or goods or to otherwise extend

---

[1] As indicated in our order granting Hancock Whitney's motion to strike, we did not consider any new facts or attachments included with R&J's opposition to the writ application.

credit, or make any other financial accommodation." La. R.S. 6:1121(1). La. R.S. 6:1123 further provides that a "credit agreement shall not be implied from the relationship, fiduciary, or otherwise, of the creditor and the debtor."

Finally, La. R.S. 6:1124 provides that financial institutions and their employees owe no fiduciary obligations or responsibilities to a customer unless specified in a written agreement:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party.

In *Jesco*, *supra*, the Louisiana Supreme Court explained that the primary purpose of the LCAS is to prevent potential borrowers from bringing claims against lenders based upon oral agreements. The court reasoned that "to allow debtors to skirt the [LCAS] by bringing actions other than breach of contract, but which are based upon oral agreements to lend money, would thwart the intent of the legislature and render the entire statute meaningless." *Id.* at 992. The *Jesco* court also unequivocally determined that the LCAS "precludes all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery asserted." *Id.*

In *Hovell*, *supra*, the plaintiff alleged that the defendant lender was negligent and breached its commitment, outside of the written loan documents, to obtain additional collateral to secure the loan at issue. The Louisiana Supreme Court reinstated the judgment of the trial court and granted the defendant lender's

exception of no cause of action pursuant to La. R.S. 6:1122, because the plaintiff failed to cite to a written agreement that required the lender to secure additional collateral. *Id.* at 341. The court reasoned that the "plaintiff's allegations plainly constitute an action for damages based upon an oral credit agreement, which is expressly prohibited by statute. La. R.S. 6:1122." *Id; see also King v. Parish National Bank*, 04-337 (La. 10/19/04), 885 So.2d 543, 548; *Hancock Bank*, 184 So.3d at 279-80 (trial court did not err in granting an exception no cause of action because oral agreement to forbear foreclosure on mortgage was unenforceable under LCAS).

Similar to the plaintiff in *Hovell*, R&J argues that Hancock Whitney had an unwritten obligation to search for the lien on its behalf. R&J further argues that the LCAS does not bar all claims against lenders. However, this argument does not demonstrate why the statute does not apply to its claims. R&J fails to cite to a written agreement requiring Hancock Whitney to conduct a lien search on R&J's behalf. Therefore, we find that just as in *Hovell*, *supra*, the trial court erred by failing to grant R&J's exception of no cause of action as to the breach of contract claim. Pursuant to La. C.C.P. art. 934, we allow R&J, 15 days to amend its demand to allege a breach of contract claim, if one exists. If R&J fails to comply with the order to amend and cite to a written agreement, the breach of contract claim shall be dismissed.

We also find that the trial court erred by failing to grant Hancock Whitney's exception of no cause of action with respect to R&J's LUTPL claim because Hancock Whitney is a federally insured financial institution that is expressly exempt. La. R.S. 51:1406 provides that LUTPL does not apply to "[a]ny federally insured financial institution." The Federal Deposit Insurance Corporation lists Hancock Whitney Bank as a federally insured financial institution on its website at

https://banks.data.fdic.gov/bankfind-suite/bankfind/details/12441.[2]  Accordingly,

we find that the trial court erred by failing to grant the exception of no cause of

action as to R&J's LUTPL claim.  *See also Gulf Coast Housing & Development*

*Corporation*, 16-296 (La. App. 4 Cir. 10/5/16), 203 So.3d 366, 371 (recognizing

that federally insured financial institutions are exempted from liability under

LUTPL).  Because we find there is no possibility for R&J to amend his demand to

allege a claim against Hancock Whitney under the LUTPL, we dismiss this claim,

with prejudice.  *See* La. C.C.P. art. 934.

Based on the foregoing, we grant this writ application and grant defendant

Hancock Whitney Bank's exception of no cause of action.  We dismiss plaintiff

Double R & J Trucking Service, Inc.'s claim against defendant Hancock Whitney

Bank under the Louisiana Unfair Trade Practices and Consumer Protection Law,

with prejudice.  However, we allow plaintiff Double R & J Trucking Service, Inc.

15 days to amend its third-party demand to state a breach of contract claim against

defendant Hancock Whitney Bank, if one exists.

Gretna, Louisiana, this 14th day of February, 2024.

**SUS**
**JGG**
**JJM**

---

[2] Courts are allowed to take judicial notice of government websites.  *Jackson v. B.A.L. & Associates, LLC*, 22-179 (La. App. 5 Cir. 9/21/22), 350 So.3d 187, 188-89 fn.1; La. C.E. art. 201.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **02/14/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-595**

**E-NOTIFIED**

29th Judicial District Court (Clerk)
Honorable Timothy S. Marcel (DISTRICT JUDGE)
Marc R. Michaud (Respondent)          William T. Finn (Relator)
                                      John P. Gaffney (Relator)

**MAILED**