812 So.2d 103 (2002)
PARISH OF JEFFERSON
v.
SFS CONSTRUCTION GROUP, INC.
No. 01-CA-1118.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 2002.
Writ Denied May 31, 2002.
*104 Kenneth C. Fonte, Golden & Fonte, Metairie, LA, Attorneys for Defendant/Appellant.
Daniel A. Ranson, Michael D. Peytavin, Brian King, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, LA, Attorneys for Plaintiff/Appellees.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, SFS Consultation Group, Inc. (SFS), appeals a judgment of the trial court which granted a no cause of action exception brought by Thomas J. Butch Ward, Councilman, District 1, Parish of Jefferson (Ward).
This matter began when the Parish of Jefferson (Parish) filed a Petition for Declaratory Judgment seeking to have the court validate a resolution of the Parish in which it canceled a contract for fire training services which existed between it and SFS. SFS filed an answer and reconventional demand against the Parish seeking damages for breach of contract. The pleading also made a third party claim against Councilman Ward individually. Ward filed exceptions of improper joinder and no cause of action. The court sustained the exception of no cause of action, but allowed SFS an opportunity to amend its pleading. SFS added Ward as a defendant in the reconventional demand. Ward responded with a second exception of no cause of action. In this second exception, Ward argued the claim made against him by SFS was barred by legislative immunity. The court found merit in the exception and granted it. It is from that decision that SFS appeals.
Recently, in Hall v. Zen-Noh Grain Corp., XXXX-XXXX (La.4/27/01), 787 So.2d 280 the Louisiana Supreme Court stated:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. P. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is *105 whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. (Some citations omitted) Id. 787 So.2d at 281.
The reviewing court is to make a de novo determination because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. Thus, assuming that all the facts in plaintiff's petition are true, this court must determine if the plaintiff has a cause of action. Millet v. Treasure Chest Casino, L.L.C., 00-18 (La. App. 5 Cir. 5/30/01), 788 So.2d 713, 715; writ denied, 01-1908 (La.10/5/01), 799 So.2d 485.
The relevant pleadings in the instant matter assert that the resolution which terminated the contract with SFS was adopted by the Parish to secure political support for Ward's re-election campaign. SFS further maintains that the defendants, including Ward, acted together to take over the fire training enterprise belonging to SFS and hire certain instructors who are associated with the defendant organizations in return for support for Ward in his bid for re-election to the Parish Council. SFS also avers that the agreement to "swap termination of the contract and awards of public jobs in exchange for the political support for the re-election campaign of Ward constitutes bribery and public corruption."
Ward argued he had absolute legislative immunity pursuant to the United States and the Louisiana Constitutions which barred any claim made by SFS with respect to his legislative actions in adopting a budget which did not provide for the SFS contract. SFS argued that the action is brought under LSA R.S. 9:2798.1 which grants only a qualified immunity, and that the accusation of misconduct by Ward represents an exception to this immunity. As previously stated, the trial court granted the no cause of action exception based on the finding that Ward had absolute legislative immunity.
Legislative privileges and immunities are granted by virtue of both the United States and Louisiana Constitutions. Louisiana Constitution Article 3 § 8 provides that, "(a) member of the legislature shall be privileged from arrest, except for felony, during his attendance at sessions and committee meetings of his house and while going to and from them. No member shall be questioned elsewhere for any speech in either house." This clause affords an absolute bar to interference when members are acting within the legitimate legislative sphere. Copsey v. Baer, 593 So.2d 685 (La.App. 1 Cir.1991); writ denied, 594 So.2d 876 (La.1992). In Copsey, the court fully considered and discussed the origin of the privilege and concluded that inquiries into the motivation for legislative actions in the form of requests for work files of legislators under the Public Record Law were prohibited by the privileges and immunities clause. In support of this ruling the Copsey court cited United States v. Gillock, 445 U.S. 360, 366-67, 100 S.Ct. 1185, 1190, 63 L.Ed.2d 454 (1980), in which the Supreme Court reiterated its prior holding that "the Clause protects against inquiry into the acts that occur in the regular course of the legislative process and into the motivation for those acts." Copsey, supra, 593 So.2d at 687.
The immunity afforded State legislators in our constitution has been extended to local officials in Calhoun v. St. Bernard Parish, 937 F.2d 172, 174 (5 Cir.1991); writ denied, Calhoun v. Odinet, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). Calhoun involved a series of construction moratoria issued by St. Bernard Parish which the plaintiff argued caused him to incur damages by frustrating his attempt to build low to moderate income housing. In Calhoun, the court held that *106 the Police Jurors of St. Bernard Parish are entitled to a legislative immunity against damages in their individual capacities. In reaching that decision, the Calhoun court cited Tenney v. Brandhove, 341 U.S. 367, 378, 71 S.Ct. 783, 789, 95 L.Ed. 1019 (1951); rehearing denied, 342 U.S. 843, 72 S.Ct. 20, 96 L.Ed. 637 (1951), which explained that:
In times of political passion, dishonest or vindictive motives are readily attributable to legislative conduct and is readily believed. Courts are not the place for such controversies. Self-discipline in the voters must be the ultimate reliance for discouraging or correcting such abuses.

Id., 937 F.2d at 174
SFS argues that the action of Ward and the Jefferson Parish Council constitutes an administrative, rather than a legislative action, and as such is not protected by absolute immunity. Accordingly, SFS avers that Calhoun v. St. Bernard, supra, is distinguishable. We disagree.
SFS further argues that any immunity afforded Ward should not be analyzed under the above cited law. Rather, SFS argues we should apply LSA R.S. 9:2798.1 which provides a qualified immunity. That statute reads as follows:
A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
We do not agree that the allegations made in plaintiffs pleadings state a cause of action against Ward individually under this statute. Thus, we find that, in the case at bar, the trial court correctly held that absolute immunity is a bar to the cause of action against Ward individually.
AFFIRMED.