965 So.2d 414 (2007)
Louis J. RUFFINO and Christopher B. Ruffino
v.
TANGIPAHOA PARISH COUNCIL, Parish President Gordon Burgess and Councilman Buddy Ridgel.
No. 2006 CA 2073.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
*415 Scott M. Perrilloux, District Attorney, Clifton T. Speed, Assistant District Attorney, Greensburg, for Defendant-Appellee-2nd Appellant Tangipahoa Parish Council.
Glen R. Galbraith, Seale & Ross, P.L.C., Hammond, for Defendants-1st Appellants-Appellees Gordon Burgess and Buddy Ridgel.
Before: JONES, MURRAY, and TOBIAS, JJ.[1]
MAX N. TOBIAS, Jr., Ad Hoc, Judge.
We are asked to review the issuance of a temporary restraining order and preliminary injunction against the Tangipahoa Parish Council, the parish president, and a councilman both of which enjoined them from discussing in their public capacity the contract between a private landowner and the United States government.
Christopher B. Ruffino[2] owned fifteen acres of land in Tangipahoa Parish outside of Hammond, Louisiana. The property, known as "Louisville Estates," was a permitted 68-unit mobile home park, and the Ruffinos entered into a lease agreement with the United States government to house those displaced by Hurricane Katrina in trailers provided by the Federal Emergency Management Agency (FEMA) for eighteen months, beginning on 2 December 2005. The Tangipahoa Parish Council noted the agreement, and the minutes of the council meeting held on 27 December 2005 reflect that Councilman Howard "Buddy" Ridgel ("Ridgel") discussed the proposed trailer park to be placed at Iverstine Lane under "councilmen's privileges."
On 29 December 2005, the Ruffinos filed a petition for a temporary restraining order, preliminary and permanent injunctions, and for issuance of writ quo warranto against the Tangipahoa Parish Council Government ("Parish of Tangipahoa"), Parish President Gordon Burgess ("Burgess"), and Parish Councilman Ridgel (collectively "appellants"). On that same day, a judge of the Twenty-First Judicial District Court issued a temporary restraining order without bond as required by La. C.C.P. art. 3610 in favor of the Ruffinos. The court ordered:
that Tangipahoa Parish Counsel (sic), President Gordon Burgess and Councilman Buddy Ridgel are hereby restrained and enjoined from conducting any hearings, proceeding and/or Councilmen's Privileges or otherwise discussing the private property located at Iverstine Lane in Tangipahoa, Louisiana or interfering with, causing delays of, and/or obstructing the contracted lease entitled U.S. Government Lease for Real Property of the 15 acres of property located at Iverstine Lane known as "Louis Ruffino # 2" or as "Louisville Estates."
*416 The judgment granted the temporary restraining order and provided that the restraining order would automatically be renewed every ten days until a hearing could be held.[3]
Ridgel and Burgess sought to remove the case to federal court, but the United States District Court for the Eastern District of Louisiana remanded the case to state court.
On 3 April 2006, the Parish of Tangipahoa filed its answer to the petition for injunction, and a motion to strike the petition pursuant to La. C.C.P. art. 971.[4] The trial court set 24 April 2006 as the date for the hearing on the motion to strike, as well as for the petition for preliminary injunction. Following the hearing, the trial court denied the motion to strike and granted the preliminary injunction in favor of the Ruffinos again without bond as mandated by La. C.C.P. art. 3610. The judgment enjoined the defendants/appellants
while serving in their official capacities from entering into discussions regarding the private contract between Louis J. Ruffino and Christopher B. Ruffino and the United States Government and/or undertake discussion of that contract that may cause injury, delay, damage, obstruction, or in any manner interfere with that contract.
The judgment signed on 11 May 2006 went on to provide that the writ of preliminary injunction did "not enjoin the Parish Council and its President while serving in their official capacity during a Parish Council [sic] from discussing public policy including by not limited to parish issues including traffic, police, public utilities, and road work that may be affected by the private contract." Further, the judge made a handwritten notation on the judgment that "no party is prohibited in any manner from discussing this matter in a party's capacity as a private citizen."
In its reasons for judgment, the trial court explained that mere mention of the contract between the Ruffinos and the United States government would not be prohibited, but that discussion of the contract in a manner that would interfere with the contract or the parties to the contract was enjoined. It also noted that as private citizens, the Parish President and the Parish Councilmen have freedom of speech rights that were not enjoined by the trial court.
Two timely appeals were lodged by the defendants; one on behalf of the Parish of Tangipahoa on 18 May 2006 and another on behalf of Ridgel and Burgess on 17 May 2006. Both appeals assign three errors to the trial court, and they both deal with primarily the same issues. First, the appellants assert that the trial court erred in issuing the temporary restraining order insofar as it violated the separation of powers doctrine and Louisiana Constitution Article III, § 8. Second, the trial court erred in issuing a judgment granting a writ of preliminary injunction that operated in the same manner as the temporary restraining order. Finally, the trial court erred in not granting the motion to strike. The record on appeal reflects that the Ruffinos declined to file an appellate brief, notifying the court that the property had been sold and that they no longer had any interest in this matter.
*417 Article III, § 8 of the Louisiana Constitution provides that:
A member of the legislature shall be privileged from arrest, except for felony, during his attendance at sessions and committee meetings of his house and while going to and from them. No member shall be questioned elsewhere for any speech in either house.[5] (Emphasis added.)
This article has been held to constitute "an absolute bar to interference when members are acting within the legislative sphere." Parish of Jefferson v. SFS Construction Group, Inc., 01-1118, p. 4 (La. App. 5 Cir. 2/13/02), 812 So.2d 103, 105, citing, Copsey v. Baer, 593 So.2d 685 (La. App. 1st Cir.1991).
The First Circuit Court of Appeal examined the origin of the legislative privilege in Article III, § 8 and concluded that inquiries into the motivation for legislative actions ran afoul of Article III, citing an opinion by the United States Supreme Court, which held in United States v. Gillock, 445 U.S. 360, 366-67, 100 S.Ct. 1185, 1190, 63 L.Ed.2d 454 (1980), that "the Clause protects against inquiry into the acts that occur in the regular course of the legislative process and into the motivation for those acts." Copsey, supra, 593 So.2d at 687. Because the injunction complained of specifically enjoins discussion in the legislative arena, it is clearly in violation of Article III, § 8. The prohibition extends not only to the Louisiana legislature but also other legislative bodies such as the legislative bodies of parish and city governments. Thus, the trial court erred as a matter of law when it issued both the temporary restraining order and preliminary injunction.[6]
Next, we look to whether the trial court erred in denying the motion to strike filed by the defendants pursuant to Louisiana Code of Civil Procedure article 971. Article 971 provides that a special motion to strike may be brought against "a cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim." La. C.C.P. art. 971 A(1). The article defines an "act in furtherance of a person's right of petition or free speech . . . in connection with a public issue" as including "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law." La. C.C.P. art. 971 F(1). Further, the article provides that a litigant prevailing on a special motion to strike is entitled to reasonable attorneys' fees and costs.
The record on appeal does not provide or reflect any indication that the Ruffinos could prevail under any theory of law on their petition for injunction. We know of no theory of law that would permit them to prevail on the facts set forth in the record on appeal. Therefore, the motion to strike was properly filed, and the trial court erred as a matter of law by not granting it *418 and vacating the temporary restraining order and denying the preliminary injunction. Because the Parish of Tangipahoa should have prevailed on its motion to strike, it is entitled to reasonable attorneys' fees and costs.[7]
Because we have concluded that the injunctive actions of the trial court were erroneous as a matter of law, and insofar as no evidence exists in the record on appeal that the Ruffinos might have prevailed on their petition, we vacate the judgment of the trial court granting the writ of preliminary injunction and reverse the trial court's denial of the motion to strike. The petition filed by the Ruffinos stated no legal grounds on which the Ruffinos' might have prevailed, and a motion to strike under Article 971 was proper. Accordingly, we render judgment granting the Parish of Tangipahoa's motion to strike. In light of the foregoing, the Parish of Tangipahoa is entitled to reasonable attorneys' fees and costs, and we remand the matter to the trial court so that it may determine reasonable attorneys' fees and costs to be awarded to the Parish of Tangipahoa and for further proceedings on the reconventional demand filed by Burgess and Ridgel.
REVERSED IN PART; VACATED IN PART; RENDERED IN PART; REMANDED.
NOTES
[1] The Honorable Charles R. Jones, Judge, the Honorable Patricia Rivet Murray, Judge, and the Honorable Max N. Tobias, Jr., Judge, all members of the Fourth Circuit Court of Appeal, are serving as judges ad hoc by special appointment of the Louisiana Supreme Court.
[2] Although Christopher B. Ruffino and Louis J. Ruffino are both petitioners in this matter, the petition describes Christopher B. Ruffino as the owner of the property and Louis J Ruffino as the holder of the relevant permits for the trailer park. We refer hereafter to the Ruffinos collectively as "the Ruffinos."
[3] Automatic renewals of temporary restraining orders without specific written order of the court signed every ten days extending the restraining order are prohibited by La. C.C.P. art. 3604.
[4] Burgess and Ridgel filed an answer on 21 April 2006 and further lodged a reconventional demand against the Ruffinos for wrongful issuance of the injunction.
[5] Although the article specifically applies to a "member of the legislature", the privilege has been extended to local legislative bodies and local officials. Calhoun v. St. Bernard Parish, 937 F.2d 172, 174 (5th Cir.1991), writ denied, Calhoun v. Odinet, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992).
[6] Because the rationale for dissolving the temporary restraining order is identical to that for vacating the preliminary injunction, we pretermit a discussion of them as separate assignments of error.
[7] Although Ridgel and Burgess addressed the motion to strike in their appellate brief, we note that the motion to strike was only filed on behalf of the Parish of Tangipahoa, although Ridgel and Burgess did submit affidavits to bolster that motion. Therefore, there was only one motion to strike filed on behalf of one defendant, the Parish of Tangipahoa.

We also note that a party is entitled to recover attorney's fees for the wrongful issuance of a temporary restraining order and/or preliminary writ of injunction. La. C.C.P. art. 3608.