NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**18-93**

WILLIAM JOHNSON

VERSUS

JACOB COLBY PERRY

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-567-17
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AMENDED AND AFFIRMED AS AMENDED.**

**Michael H. Schwartzberg**
**Glen D. Vamvoras**
**Vamvoras, Schwartzberg & Antoon, LLC**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1621**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Jacob Colby Perry**

**Ronald C. Richard**
**Richard Law Firm, LLC**
**1 Lakeshore Drive, Suite 120**
**Lake Charles, LA 70629**
**(337) 494-1900**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **William Johnson**

**PICKETT, Judge.**

The plaintiff appeals the trial court's grant of the defendant city alderman's special motion to strike and dismissal of his suit for defamation against the alderman. For the following reasons, we affirm.

## FACTS

William Johnson filed suit against Jacob Colby Perry, an alderman for the City of Welsh, alleging that Mr. Perry used his position as a platform to defame him. He seeks damages for Mr. Perry's alleged "malicious and intentional misrepresentations." Mr. Perry filed an answer in which he denied Mr. Johnson's claims and asserted that any statements he made were privileged speech under Article III, § 8 of the Louisiana Constitution and, therefore, entitled him to qualified immunity from prosecution. Mr. Perry also filed a special motion to strike, as provided in La.Code Civ.P. art. 971, in which he argued that he is immune from prosecution because his statements were made in his capacity as alderman and pertain to public issues. Mr. Perry requested an award of attorney fees as provided by La.Code Civ.P. art. 971(B).

After a hearing held December 7, 2017, on Mr. Perry's motion, the trial court granted the motion and dismissed Mr. Johnson's petition in open court. The trial court awarded Mr. Perry attorney fees as requested. On December 13, 2017, the trial court signed a judgment dismissing Mr. Johnson's suit with prejudice and awarding Mr. Perry $5,850 in attorney fees; the judgment was mailed December 18, 2017. On December 17, 2017, Mr. Johnson filed a motion to recuse the trial judge. The trial judge denied the motion without a hearing.

Mr. Johnson appeals the trial court's judgment and assigns three errors with the trial court's proceeding:

(1) The trial court committed error in granting the Motion to Strike filed by Jacob Colby Perry.

(2) The trial court committed error in denying the Motion to Recuse and for Stay of All Proceedings During the Pendency of this Motion filed by Plaintiff.

(3) The trial court committed error in denying a hearing over the Motion to Recuse and for Stay of All Proceedings During the Pendency of this Motion filed by Plaintiff.

Mr. Perry filed an answer to Mr. Johnson's appeal, seeking an award of attorney fees for work performed on appeal.

## DISCUSSION

### *Motion to Strike*

In *Aymond v. Dupree*, 05-1248, pp. 9-10 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 728 (citations omitted), *writ denied*, 06-1729 (La. 10/6/06), 938 So.2d 85, this court explained the plaintiff's burden of proof for defamation in, stating:

> [T]o maintain an action for defamation, he has the burden of proving five elements: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) malice (actual or implied); and, (5) injury. Defamation involves the invasion of a person's interest in his or her reputation and good name. A defamatory communication or defamatory words are those which harm the reputation of another so as to lower him in the estimation of the community or to deter others from associating with him.
>
> Whether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener.

"Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation." *Costello v. Hardy*, 03-1146, p. 18 (La. 1/21/04), 864 So.2d 129, 143.

Mr. Johnson argues the trial court erred in granting Mr. Perry's special motion to strike. Article III, § 8 of the Louisiana Constitution provides immunity to members of the legislature for "any speech in either house." It has been held to

2

constitute "an absolute bar to interference when members are acting within the legitimate legislative sphere." *Parish of Jefferson v. SFS Constr. Grp., Inc.*, 01-1118, p. 4 (La.App. 5 Cir. 2/13/02), 812 So.2d 103, 105, *writ denied*, 02-791 (La. 5/31/02), 817 So.2d 95. Inquiries into the motivation for legislative actions have also been held to be contrary to the purpose of Article III. *Copsey v. Baer*, 593 So. 2d 685 (La.App. 1 Cir. 1991), *writ denied*, 594 So.2d 876 (La.1992). This immunity extends to city legislative bodies. *Ruffino v. Tangipahoa Parish Council*, 06-2073 (La.App. 1 Cir. 6/8/07), 965 So. 2d 414.

Louisiana Code of Civil Procedure Article 971 provides, in pertinent part:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

> (2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

> . . . .

> F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

> (1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

> (a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

> (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

The legislature enacted La.Code Civ.P. art. 971 "as a procedural device to be used in the early stages of litigation to screen out meritless claims brought

3

primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." *Aymond*, 928 So.2d at 727. Appellate courts review the grant of a special motion to strike under the de novo standard of review because it involves issues of law. *Id.*

To prevail on his special motion to strike, Mr. Perry must make a prima facie showing that the causes of action asserted against him "arise[] from an act by him in the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." *Shelton v. Pavon*, 17-482, pp. 5-6 (La. 10/18/17), 236 So.3d 1233, 1237.

Mr. Perry supported his motion with an affidavit executed by him. In his affidavit, he admitted making comments regarding police reports filed by Mr. Johnson in a written communication directed by him to the Louisiana Board of Ethics. He also averred that he learned of Mr. Johnson's noise complaints against a local bar, Mr. Johnson's neighbor, via social media and the Welsh chief of police. Mr. Perry stated that the topics of a noise ordinance and a liquor sales ordinance were raised by the Mayor of Welsh, who is Mr. Johnson's mother, during a meeting of the Welsh Board of Aldermen. He specifically denied stating that Mr. Johnson conspired with the Mayor "to do anything," including passing a noise ordinance or liquor sales ordinance. Mr. Perry also denied making any statements regarding a water infrastructure or the installation of power poles on Mr. Johnson's property or his use of electricity. Mr. Perry explained that he was made aware of these issues by several of his constituents and that he felt it was his duty to investigate them to determine whether public funds or the city's resources were used in improvements on private property. La.Code Civ.P. art. 971

Mr. Johnson presented no evidence challenging the veracity of Mr. Perry's assertions in his affidavit that any statements he made regarding Mr. Johnson were

4

made in his role as alderman. Accordingly, we find that Mr. Perry made a prima facie showing that his statements were made "in furtherance of [his] right of . . . free speech under the . . . Louisiana Constitution in connection with a public issue" and, therefore, are privileged speech. La.Code Civ.P. art. 971(F)(1).

The burden of proof then shifted to Mr. Johnson to show that he will probably succeed on his claims. To defeat Mr. Perry's motion, he must prove *all* the required elements of defamation or his claims fail. *Costello*, 864 So.2d 129. Mr. Johnson relies upon the allegations of his petition to satisfy his burden of proof. He asserted in his petition that Mr. Perry:

(1) "falsely allege[d] that the Plaintiff made fictitious reports to the police of noise," regarding a local business, "with the intent to conspire with the Mayor" to get the business closed down;

(2) "falsely allege[d] the Plaintiff was 'caught' making false police reports of noise";

(3) "falsely allege[d] the Plaintiff used the Mayor's influence to assist him in conspiring to get an ordinance to limit the time alcohol could be sold passed";

(4) "alleging Plaintiff purchased property in Welsh and . . . the Mayor immediately directed that" power poles be installed" on the property "at public expense";

(5) "falsely claim[ed] that the Plaintiff used illegal influence on the Mayor who directed new power and water infrastructure installed" on his property for his personal benefit.

Mr. Johnson has not presented any evidence showing that Mr. Perry's statements were defamatory because he failed to prove that they were unprivileged publications and made with malice, i.e., he knew his statements were false or were made with reckless disregard to the truth. Nonetheless, he argues the trial court erred in finding that Mr. Perry's speech was protected because La.R.S. 9:2798.1 excepts certain actions by legislators from protection. Louisiana Revised Statutes 9:2798.1 states, in pertinent part:

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2)To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Mr. Johnson has not shown that Mr. Perry's actions and statements fall within the parameters of La.R.S. 9:2798.1(C)(1) or (C)(2). Moreover, he failed to establish that "a statute, regulation or policy specifically prescribes the course of action for [Mr. Perry] to follow," which is required for the application of La.R.S. 9:2798.1. *Simeon v. Doe*, 618 So.2d 848, 852-53 (La.1993). For these reasons, the trial court did not err in granting Mr. Perry's special motion to dismiss.

*Recusal*

Mr. Johnson also assigns error with the trial court's denial of his motion to recuse the trial judge and for stay of all proceedings and with the trial court's denial of his request for a hearing on the motion. Ten days after the hearing was held on Mr. Perry's special motion to strike, Mr. Johnson filed a motion to recuse the trial judge. He cited the trial judge's prior representation of Mr. Perry's grandparents in legal matters, self-recusal from a matter in which the grandparents were defendants, and close friendship with Mr. Perry's uncle as "a clear potential for bias" by the trial judge and grounds for his recusal. He asserted that he did not learn of these acts until the day before he filed his motion; therefore, his motion was timely.

6

Louisiana Code of Civil Procedure Article 154 provides that a motion to recuse a trial judge must be filed before trial, "unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment." Mr. Johnson did file his motion to recuse before the trial court signed a judgment in this matter. Therefore, it was timely.

The Code of Civil Procedure identifies four situations in which a judge "shall be recused." La.Code Civ. P. art. 151(A). The only situation that might be applicable herein is when the trial judge:

> (4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

*Id.* A judge "has full power and authority to act in the cause[,]" until he recuses himself or a motion to have him recused is filed. La.Code Civ.P. art. 153. Article 154 (emphasis added) further provides, "*If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc . . . for a hearing.*" Mr. Johnson acknowledges that a trial judge can deny a motion for recusal without a hearing, but he argues that the facts of this case warrant a hearing.

In *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 17-111, 17-112, pp. 13-14 (La.App. 3 Cir. 10/4/17), 229 So.3d 36, 47 (footnote omitted), *writ denied*, 17-1868 (La. 1/29/18), 233 So.3d 613, this court explained the grounds required for recusal:

> Article 151 "do[es] not include a 'substantial appearance of the possibility of bias' or even a 'mere appearance of impropriety' as causes for removing a judge from presiding over a given action." *Slaughter [v. Board of Sup'rs of Southern Univ.*, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 471, *writ denied*, 11-2112 (La. 1/13/12), 77 So.3d 970]. It instead requires a finding of actual bias or prejudice

7

that is of a substantial nature, and not one based on merely conclusory allegations. *Covington v. McNeese State Univ.*, 10-0250 (La. 4/5/10), 32 So.3d 223. Furthermore, and as a foundational point, it is important to recall that "[a] judge is presumed to be impartial." *Slaughter*, 76 So.3d at 471.

Neither Mr. Johnson's motion to recuse nor his supporting affidavits contain any allegations of bias or prejudice by the trial judge. The two affidavits merely state that the trial judge's connections to Mr. Perry's family members "certainly appears to be improper for him to hear cases involving them." Accordingly, we find no error with his denial of the motion to recuse without holding a hearing.

*Attorney Fees*

Mr. Perry properly filed an answer to Mr. Johnson's appeal, seeking an award of attorney fees for work performed on appeal. An award of attorney fees is mandated by La.Code Civ.P. art 971 for a successful special motion to strike. *Alexander v. Times–Picayune L.L.C.*, 16-1134 (La.App. 4 Cir. 5/31/17), 221 So.3d 198, *writ denied*, 17-1322 (La. 11/6/17), 229 So.3d 469.

We have reviewed counsel's statement of work performed in the trial court, which includes his hourly rated, and award Mr. Perry an additional $1,500 in attorney fees for work performed by his counsel on appeal.

## DISPOSITON

The judgment of the trial court is amended to award Mr. Perry additional attorney fees in the amount of $1,500 for work performed on appeal and affirmed as amended.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

8