TIMOTHY AND JEWELL FALCON                NO. 22-C-185

VERSUS                                   FIFTH CIRCUIT

THE PARISH OF JEFFERSON AND THE          COURT OF APPEAL

JEFFERSON PARISH COUNCIL                 STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

May 20, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** COUNCILMAN BYRON LEE

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 821-019

---

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Robert A. Chaisson

## WRIT GRANTED

In Timothy and Jewel Falcon's suit against the Jefferson Parish Council for denying their application for re-subdivision of their property, Councilman Byron Lee seeks supervisory review of the trial court's denial of his motion to quash a subpoena filed by the Falcons seeking Councilman Lee's testimony at trial. For the following reasons, we grant relator's writ and reverse the judgment of the trial court.

BACKGROUND

On August 25, 2021, at a meeting of the Jefferson Parish Council, the Council, upon motion by Councilman Lee, voted to deny approval for a Plat Proposal submitted for consideration by the Falcons. Prior to the vote, the Council heard a presentation from counsel for the Falcons outlining the proposal as well as

22-C-185

opposition from local residents who were concerned about the proposed subdivision's impact on traffic in the neighborhood.

Following the vote of the Council, the Falcons filed an appeal with the Twenty Fourth Judicial District Court naming as defendants the Parish of Jefferson and the Jefferson Parish Council. The appeal requests that the court vacate the Council's decision and issue an injunction ordering the approval of the Falcons' plat proposal.

In anticipation of the trial on the petition, the Falcons requested the trial court to issue a subpoena to Councilman Lee, who is not a party to this litigation, to compel his testimony at trial. In response, Councilman Lee filed a motion to quash the subpoena on the basis that legislative privilege precludes him from testifying as to any decisions made in his capacity as Councilman for the Parish of Jefferson. In response, the Falcons argued that Councilman Lee was acting in an administrative capacity rather than a legislative capacity at the time of the council meeting, and therefore is not entitled to the protection of legislative privilege. Following a hearing on the motion, the trial court rendered judgment denying the motion to quash the subpoena and further ordering that the questioning of Councilman Lee shall be limited to matters deemed relevant by the Court pursuant to Louisiana Code of Evidence Article 401. Councilman Lee seeks expedited supervisory review of this judgment.

DISCUSSION

Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery, and such discretion will not be disturbed on appeal absent a clear showing of abuse. *Wells v. Fandal*, 13-620 (La. App. 5 Cir. 2/12/14), 136 So.3d 83, 87, *writ denied*, 14-511 (La. 4/25/14), 138 So.3d 645. However, where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid

2

exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court and a *de novo* review is warranted. *Yorsh v. Morel*, 16-662 (La. App. 5 Cir. 7/26/17), 223 So.3d 1274, 1281, *writ denied*, 17-1475 (La. 11/13/17), 230 So.3d 207.

The Falcons argue that the Council's decision to deny their application for re-subdivision is an administrative act and therefore the Council members are not entitled to legislative privilege and can be compelled to testify. In support of this argument, they cite numerous cases from federal courts including *Angelicare, LLC v. St. Bernard Par.*, 17-7360 (E.D. La. 3/6/18), 2018 WL 1172947, a case which cites the United States Supreme Court's decision in *Bogan v. Scott-Harris*, 523 U.S. 44, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998), wherein the Supreme Court set forth the criteria for determining whether an act is legislative in nature.

Relator in turn argues that the Council's decision denying the application for re-subdivision is a legislative act rather than an administrative act, and further, that the legislative privilege granted to Council members in the Louisiana Constitution is applicable regardless of how the act is characterized.

The approval or disapproval of a subdivision plat is a legislative function involving the exercise of legislative discretion by the governing authority of a parish or municipality. *Inv. Mgmt. Servs., Inc. v. Vill. of Folsom*, 00-0832 (La. App. 1 Cir. 5/11/01), 808 So.2d 597, 604; s*ee also* La. R.S. 33:101.1 ("[T]he act of approving or disapproving a subdivision plat is hereby declared a legislative function involving the exercise of legislative discretion by the planning commission …"). Accordingly, we find that the Falcons' argument that the Council's decision to disprove the re-subdivision plan was an administrative one to be without merit.

We turn next to the legislative privilege raised by Councilman Lee. Article III, § 8 of the Louisiana Constitution provides that:

3

A member of the legislature shall be privileged from arrest, except for felony, during his attendance at sessions and committee meetings of his house and while going to and from them. No member shall be questioned elsewhere for any speech in either house.

This article has been held to constitute "an absolute bar to interference when members are acting within the legislative sphere." *Parish of Jefferson v. SFS Construction Group, Inc.*, 01-1118 (La. App. 5 Cir. 2/13/02), 812 So.2d 103, 105, *writ denied*, 02-791 (La. 5/31/02), 817 So.2d 95, citing *Copsey v. Baer*, 593 So.2d 685 (La. App. 1st Cir.1991). In *Copsey*, the First Circuit examined the origin of the legislative privilege in Article III, § 8 and concluded that inquiries into the motivation for legislative actions ran afoul of Article III, citing an opinion by the United States Supreme Court, which held in *United States v. Gillock*, 445 U.S. 360, 366-67, 100 S.Ct. 1185, 1190, 63 L.Ed.2d 454 (1980), that "the Clause protects against inquiry into the acts that occur in the regular course of the legislative process and into the motivation for those acts." *Copsey*, *supra*, 593 So.2d at 688. The prohibition extends not only to the Louisiana legislature but also other legislative bodies such as the legislative bodies of parish and city governments. *Ruffino v. Tangipahoa Par. Council*, 06-2073 (La. App. 1 Cir. 6/8/07), 965 So.2d 414, 417. Because the subpoena complained of specifically involves inquiry into the motivation for a legislative action, it is clearly in violation of Article III, § 8. Thus, the trial court erred as a matter of law when it failed to recognize Councilman Lee's legislative privilege and failed to quash the Falcons' subpoena.

CONCLUSION

Upon review of Councilman Lee's writ application, we find that the trial court legally erred in finding that the Council's August 25, 2021 decision to disapprove the Falcons' proposed re-subdivision was an administrative one. We find the Council's decision to be a legislative one, in accordance with La. R.S. 33:101.1, and that the legislative privilege set forth in Article III, § 8 of the

Louisiana Constitution is applicable. We therefore grant this writ application, reverse the trial court's April 1, 2022 judgment, and order that Councilman Lee's motion to quash the Falcons' subpoena is granted.

Gretna, Louisiana, this 20th day of May, 2022.

RAC
SMC
FHW

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **05/20/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-185**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
Jacob K. Best (Relator)          Guice A. Giambrone, III (Relator)
Michael L. Vincenzo (Respondent)  Ivana Dillas (Relator)
                                  Patrick T. Isacks (Respondent)

### MAILED
Timothy S. Madden (Respondent)
Attorney at Law
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

5/20/22

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Timothy S. Madden
Attorney at Law
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170
22-C-185                    05-20-22

9590 9402 2434 6249 3626 38

2. Article Number (Transfer from service label)

7016 2070 0000 0954 6649

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Honegan_
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
R. Torregano                        5/21/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt