THE DESCENDANTS PROJECT

VERSUS

ST. JOHN THE BAPTIST PARISH AND
ST. JOHN THE BAPTIST PARISH COUNCIL

NO. 23-C-478

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

November 21, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** ST. JOHN THE BAPTIST PARISH

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 80,394

---

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Scott U. Schlegel

**WRIT GRANTED**

Defendants, St. John the Baptist Parish ("SJBP") and St. John the Baptist Parish Council ("Parish Council"), seek supervisory review of the trial court's order granting in part and denying in part their Motion to Quash Notices and Subpoenas and for Protective Order. For the following reasons, we grant the writ and reverse the judgment of the trial court.

BACKGROUND

On August 21, 2023, plaintiff, The Descendants Project, filed the pending lawsuit for injunctive relief and a temporary restraining order, seeking, *inter alia*, to enjoin defendants from considering a resolution regarding the re-zoning of a tract of land. The trial court issued an *ex parte* temporary restraining order on that day preventing the

Parish Council from affirming or acting upon an ordinance regarding the rezoning.[1] In a meeting the following day, the Parish Council considered and passed Resolution #23-161. During the meeting, councilmembers, Kurt Becnel and Lennix Madere, Jr., discussed Resolution #23-161. The minutes from the meeting were transcribed.

On August 24, 2023, following the Parish Council's action on the resolution, Descendants Project filed a Motion for Contempt of Temporary Restraining Order, claiming the Parish Council's actions, and its six members who voted in favor of the resolution, violated the temporary restraining order.[2] Defendants filed a Motion to Quash Notices and Subpoenas and for Protective Order seeking to quash the depositions of the councilmembers on the grounds of legislative privilege.

On September 14, 2023, the trial court heard argument on the motion to quash and issued an order granting in part and denying in part the motion. The trial court entered an Order With Reasons requiring that Mr. Becnel and Mr. Madere make themselves available for a deposition on the limited issue of whether defendants acted in constructive contempt of the temporary restraining order, and that they testify on Descendants Project's motion for contempt at a hearing scheduled for October 6, 2023. The trial court's order required the depositions to be completed no later than September 29, 2023. That portion of the order and further proceedings in the case were stayed pending this Court's ruling on the writ application.

DISCUSSION

In ruling on discovery matters, the trial court is vested with broad discretion and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion. *Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 303, *writ denied,* 17-0893 (La. 9/29/17), 227 So.3d 288.

---

[1] The Order With Reasons entered by the trial court on September 14, 2023, refers to the "August 22, 2023 temporary restraining order". However, the temporary restraining order attached to the writ application was signed on August 21, 2023.
[2] Among the remedies that Descendants Project seeks is an order that the six councilmembers who voted in favor of the resolution "pay penalties to the Court for their unlawful conduct". The individual councilmembers are not defendants in the case.

However, where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court. *Yorsch v. Morel*, 16-662 (La. App. 5 Cir. 7/26/17), 223 So.3d 1274, 1281, *writ denied,* 2017-1475 (La. 11/13/17), 230 So.3d 207.

Defendants agree with the trial court's framing of the issue to be determined as "whether or not defendant Parish Council is entitled to entry of an order quashing subpoenas directed to Kurt Becnel and Lennix Madere, Jr., both of whom are St. John the Baptist Parish Councilpersons."

In its assignment of error, defendants argue that the trial court abused its discretion in ordering council members Mr. Becnel and Mr. Madere to provide deposition and trial testimony regarding their reasons for voting in favor of Resolution #23-161. Defendants argue that the councilmembers are protected from testifying by legislative immunity.

Descendants Project responds that the legislative privilege does not apply because (1) the legislative privilege does not apply to administrative acts such as the one at issue; (2) contempt of a court order is outside the "legitimate legislative sphere" protected by legislative immunity; and (3) even if the legislative privilege attaches, it was waived when defendants raised the councilmembers' subjective intent as their defense.

The legislative privilege contained in Article III, § 8 of the Louisiana Constitution of 1974 provides:

> A member of the legislature shall be privileged from arrest, except for felony, during his attendance at sessions and committee meetings of his house and while going to and from them. No member shall be questioned elsewhere for any speech in either house.

This Court has recognized that this constitutional privilege applies to local legislators. *Waste Mgmt. of Louisiana, L.L.C. v. Consol. Garbage Dist. No. 1 of Par. of Jefferson*, 12-444 (La. App. 5 Cir. 3/13/13), 113 So.3d 243, 250.

This Court addressed similar issues to those raised in the case at bar in *Falcon v. Parish of Jefferson*, 22-185 (La. App. 5 Cir. 5/20/22), 2022 WL 1598023 (unpublished writ disposition). In *Falcon*, the plaintiffs appealed to the trial court, the Jefferson Parish Council's denial of their application to re-subdivide their property. In anticipation of the trial, the plaintiffs sought the issuance of a subpoena to one of the members of the council who was not a party to the action. As in the instant case, the trial court denied the councilman's motion to quash the subpoena, and limited his testimony to "matters deemed relevant by the Court." This Court reversed and held:

> The approval or disapproval of a subdivision plat is a legislative function involving the exercise of legislative discretion by the governing authority of a parish or municipality. *Inv. Mgmt. Servs., Inc. v. Vill. of Folsom*, 00-0832 (La. App. 1 Cir. 5/11/01), 808 So.2d 597, 604; s*ee also* La. R.S. 33:101.1 ('[T]he act of approving or disapproving a subdivision plat is hereby declared a legislative function involving the exercise of legislative discretion by the planning commission …'). Accordingly, we find that the Falcons' argument that the Council's decision to disprove the re-subdivision plan was an administrative one to be without merit.

*Falcon v. Parish of Jefferson*, 22-185 at 2.

As to the legislative privilege contained in Article III, § 8 of the Louisiana Constitution, we further held in *Falcon*:

> This article has been held to constitute 'an absolute bar to interference when members are acting within the legislative sphere.' *Parish of Jefferson v. SFS Construction Group, Inc.*, 01-1118 (La. App. 5 Cir. 2/13/02), 812 So.2d 103, 105, *writ denied*, 02-791 (La. 5/31/02), 817 So.2d 95, citing *Copsey v. Baer*, 593 So.2d 685 (La. App. 1st Cir.1991). In *Copsey*, the First Circuit examined the origin of the legislative privilege in Article III, § 8 and concluded that inquiries into the motivation for legislative actions ran afoul of Article III, citing an opinion by the United States Supreme Court, which held in *United States v. Gillock*, 445 U.S. 360, 366-67, 100 S.Ct. 1185, 1190, 63 L.Ed.2d 454 (1980), that 'the Clause protects against inquiry into the acts that occur in the regular course of the legislative process and into the motivation for those acts.' *Copsey*, *supra*, 593 So.2d at 688. The prohibition extends not only to the Louisiana legislature but also other legislative bodies such as the legislative bodies of parish and city governments. *Ruffino v. Tangipahoa Par. Council*, 06-2073 (La. App. 1 Cir. 6/8/07), 965 So.2d 414, 417. Because the subpoena complained of specifically involves inquiry into the motivation for a legislative action, it is clearly in violation of Article III, § 8. Thus, the trial court erred as a matter of law when it failed to recognize Councilman Lee's legislative privilege and failed to quash the Falcons' subpoena.

*Id*.

Although *Falcon* involved the approval or disapproval of a subdivision plat, and the pending case involves the passing of a resolution, the analysis in *Falcon* applies equally to the case at bar.

The subpoenas at issue seek to inquire into the councilmembers' motivations for voting for Resolution #23-161. The statements made by Mr. Becnel and Mr. Madere were made in connection with Resolution #23-161 at a Parish Council meeting. Mr. Becnel's and Mr. Madere's actions in passing Resolution #23-161 were made while performing legislative acts. The legislative privilege contained in Article III, § 8 of the Louisiana Constitution applies. The first argument of Descendants Project that the councilmembers' actions were administrative acts is unavailing.

Descendants Project next asserts that actions considered contempt of court are outside the "legitimate legislative sphere" protected by legislative immunity. This argument is also unpersuasive. Descendants Project relies upon *In re Arnold*, 07-2342 (La. App. 1 Cir. 5/23/08), 991 So.2d 531, 541, which barred the Louisiana Board of Ethics from investigating, questioning, or punishing legislators for any actions by them within the "legitimate legislative sphere." The Louisiana First Circuit Court of Appeal found that when legislators' actions fall "within the legislative sphere," Article III, § 8 of the Louisiana Constitution "bars any questioning of their action 'elsewhere,' other than in the House of Representatives". *In re Arnold*, 991 So.2d at 543. Descendants Project also cites *Jefferson Community Health Care Centers, Inc. v. Jefferson Parish Government*, 849 F.3d 615, 624 (5th Cir. 2017), as requiring a restrictive application of the legislative privilege. However, in that case, the issues arose under 42 U.S.C. § 1983 and involved application of the legislative privilege under Rule 501 of the Federal Rules of Evidence, and not the legislative privilege under Article III, § 8 of the Louisiana Constitution.

Descendants Project's final argument that Mr. Becnel and Mr. Madere waived the legislative privilege by raising their subjective intent is also without merit. Again, Descendants Project cites to federal cases involving the legislative privilege under federal

common law, as applied through Rule 501 of the Federal Rules of Evidence. *See, e.g.,*

*Hall v. Louisiana*, No. 12-657, 2014 WL 1652791, at *8 (M.D. La. Apr. 23, 2014). As

discussed *supra*, the legislative privilege under Article III, § 8 of the Louisiana

Constitution, at issue herein, prohibits inquiry into the acts that occur in the regular

course of the legislative process and into the motivation for those acts. The

councilmembers' actions in voting in favor of Resolution #23-161 go to the core of their

legislative function. As in *Falcon*, the legislative privilege is an absolute bar to

interference when councilmembers are acting within the legislative sphere.

CONCLUSION

Upon review of the writ application by St. John the Baptist Parish and St. John the

Baptist Parish Council, we find that the trial court legally erred in failing to quash the

notice and subpoenas issued by Descendants Project. We find the Parish Council's

decision to pass Resolution #23-161 was a legislative one, and that the legislative

privilege set forth in Article III, § 8 of the Louisiana Constitution applies. We therefore

grant this writ application, reverse the trial court's Order of September 14, 2023, and

order that the motion to quash notices and subpoenas is granted.

Gretna, Louisiana, this 21st day of November, 2023.

**SUS**
**SMC**
**FHW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/21/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-C-478**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Samuel J. Accardo, Jr. (Relator)

### MAILED
Hope A. Phelps (Respondent)
Attorney at Law
201 St. Charles Avenue
Suite 2500 #9685
Metairie, LA 70002

William B. Most (Respondent)
Attorney at Law
201 St. Charles Avenue
Suite 2500 #9685
New Orleans, LA 70170

## U.S. Postal Service
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ _____
- ☐ Return Receipt (electronic) $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Hope A. Phelps
Attorneys at Law
201 St. Charles Avenue
Suite 2500 #9685
Metairie, LA 70002
23-C-478          11-21-23

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7016 2070 0000 0954 7325



---

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hope A. Phelps
Attorneys at Law
201 St. Charles Avenue
Suite 2500 #9685
Metairie, LA 70002
23-C-478          11-21-23

9590 9402 2434 6249 3571 08

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7325

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ _____
- ☐ Return Receipt (electronic) $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

William B. Most
Attorneys at Law
201 St. Charles Avenue
Suite 2500 #9685
New Orleans, LA 70170
23-C-478          11-21-23

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7016 2070 0000 0954 7332

---

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William B. Most
Attorneys at Law
201 St. Charles Avenue
Suite 2500 #9685
New Orleans, LA 70170
23-C-478          11-21-23

9590 9402 2434 6249 3571 15

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7332

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William B. Most
Attorneys at Law
20? St. Charles Avenue
Suite 2500 #9685
New Orleans, LA 70170
23-C-478                    11-21-23

9590 9402 2434 6249 3571 15

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7332

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____ ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ail
☐ ___ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt